UNTITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

William L. Burrell Jr.         )
                               )
         Plaintiff             )
                               )   Case No: cv-14-1891       FILED
V.                             )                             SCRANTON
                               )
Patrick Loungo et al.          )                             DEC 2 3 2014

                                                             PER /M
                                                             DEPUTY CLERK

## MOTION FOR EMERGENCY RESTRAINING ORDER

1. Now comes the Plaintiff William Burrell jr. and respectfully moves ex parte, pursuant to Rule 65 (b) of the Federal Rules of Civil Procedure for a Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Be Granted, and Other Ancillary Relief.

2. As more fully set forth in Plaintiff's first amended Complaint and Demand for Jury trial, Plaintiff was recently falsely imprisoned and was released on 09/29/2014. Upon plaintiff's release plaintiff started with nothing, nowhere to live, and no belongings as he had lost his apartment and all belongings due to said false imprisonment. Since being released plaintiff has struggled to find and maintain housing and employment. Plaintiff is currently employed but has been laid off for the past 3 weeks and is due to return to work on 12/29/2014. (see plaintiff's attached email from employer). Plaintiff is behind on his rent and is struggling just to survive.

3. Plaintiff has twice sought modifications of the child support order in question with Ed Adams of Domestic Relations and twice Ed Adams has refused to process Plaintiffs request for modification. Plaintiff finally contacted Ed Adams via telephone and Adams

1

communicated to Plaintiff that since Pennsylvania is only the enforcing state and that Maine is the state requesting the collection he will not process plaintiff's motion to Modify. Despite Adams knowing plaintiff's situation, Adams stated that he will again incarcerate Plaintiff on January 1, 2015 for 6 more months if plaintiff does not provide a payment to Adams but not only is plaintiff indigent and unable to make a payment, but Adams did not specify how much Plaintiff is to pay. Plaintiff sought Modification with the state of Maine both in writing and via telephone and received the attached email from Ann Doyon of the Maine Department of Human Services, Division of Support Enforcement stating since Plaintiff only owes arrears that the order is not able to be Modified. Plaintiff is severely indigent and though Defendant Adams had a wage attachment in place, plaintiff faces irreparable harm of losing freedom and belongings <u>again</u>, via unlawful incarceration by Adams if plaintiff doesn't pay Adams an unspecified amount of money by January 1, 2014, which plaintiff is unable to do.

4. Plaintiff does NOT have the ability to pay. See Orfield V Weindel 52 A.3d 275 (2012) 2012 PA Super 135. To halt Defendants conduct, Plaintiff requests that this Court enter a Temporary Restraining Order, which enjoins the Defendants from incarcerating plaintiff and to simply resume said wage attachment. Plaintiff also requests this court order the transfer of plaintiff's child support cases to a different Domestic Relations Office than that of the Defendants.

Dated  December 23, 2014

William L. Burrell Jr.
445 N. 6th Ave
Scranton, PA, 18503
570-766-2287
Wburrell2013@gmail.com

2



William Burrell <wburrell2013@gmail.com>

## Layoff

**Stacey Kuehner** <staceykuehner@gmail.com>　　　　　　　　　Tue, Dec 23, 2014 at 11:40 AM
To: William Burrell <wburrell2013@gmail.com>

Good Morning, Bill

Due to computer/internet issues you have been laid off from IMS since 11/25/2014. We have since had the problem fixed, but because of the holidays and there being a very low workload you will be laid off until December 29th, 2014. On that day you will resume your regular schedule Monday-Friday 3pm-9pm and every other Saturday 9am-12pm.

If you have any questions or need anything else please let me know and I will do what I can to help. Feel free to contact me via email or you can call 570-342-4449.

I will be out of the office from 12/24/2014-12/29/2014

Thank you,

StaceyKuehner
IMS Office Manager
1328 Capouse Ave
Scranton, PA 18509
570-342-4449
[Quoted text hidden]
--
Stacey Kuehner
Office Manager
IMS
1328 Capouse Ave
Scranton, PA 18509



PL. EX
12/23/14 (B)

William Burrell <wburrell2013@gmail.com>

## Case 20059568P

**Doyon, Ann** <Ann.Doyon@maine.gov>　　　　　　　　　　　　　　　　Mon, Dec 22, 2014 at 3:53 PM
To: "WBURRELL2013@GMAIL.COM" <WBURRELL2013@gmail.com>

Dear Mr. Burrell:

I received your voice mail requesting an immediate modification of your child support order.

Your case is an arrears-only case, meaning it is no longer accruing. We cannot modify a non-accruing order as there is not an obligation to modify. The arrears cannot be modified.

Maine's policy is to have the non-custodial parent's home state collect child support for the State of Maine if we have not received a payment in over 45 days. It appears your case was referred to Pennsylvania back in 2011. We will continue to have PA collect for us.

# *Ann Marie Doyon*

Human Services Enforcement Agent

**Department of Health & Human Services**

11 State House Station

Augusta, ME 04333

207-624-5475

FAX 207-624-5483

ann.doyon@maine.gov