## UNTITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William L. Burrell Jr. | ) |
| Plaintiff | ) |
| V. | ) |
| April Phillips & Unknown Agents- Individually and officially | ) FILED |
| Thomas Marino-individually and officially | ) SCRANTON |
| Andrew Jarbola-Individually as head DA | ) DEC 2 9 2014 |
| & Individually as prison board member. | ) |
| Joseph Marut- Individually | ) PER___ |
| Patrick Loungo-Individually | ) DEPUTY CLERK |
| Richard Gladys-Individually | ) |
| Ed Adams-Individually | ) |
| Richard Saxton-Individually | ) |
| Trish Corbett-Individually | ) |
| Corey O'Brien-Individually as prison board member | ) **CIVIL ACTION NO: 14-1891** |
| Patrick O'Malley-Individually as prison board member | ) |
| Gary Dibileo-Individually as prison board member | ) |
| Jim Wansacz-Individually as prison board member | ) |
| Sheriff Mark McAndrew -Individually as prison board member | ) |
| Vito P. Geroulo- Individually as prison board member | ) |
| Robert McMillan-Individually | ) |
| Tom Staff-Individually | ) |
| Brian Jeffers-Individually | ) |
| Jack Mcphillips-Individually | ) |
| Todd Frick-Individually | ) |
| John Craig & Thomas Cummings-Individually | ) |
| Louis and Dominick Denaples-Individually | ) |
| Lackawanna | ) |
| Recycling Center Inc. | ) |
| Officers John Doe 1&2-Individually | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EX PARTE RESTRAINING ORDER

1

1.      Now comes the plaintiff, William Burrell Jr., Pro Se, and files this brief memorandum of law in support of his motion for a temporary restraining order Pursuant to Rule 65 (b) of the Federal Rules of Civil Procedure.

2.      In order to properly argue why Federalism, Comity, and the Younger doctrine do not apply concerning plaintiff's motion, plaintiff would like to first contrast the points plaintiff would like to with other similar arguments made in a somewhat similar case and therefore plaintiff first directs this Honorable courts attention to Pasqua v. Council, 892 A.2d 663 (N.J. 2006).

3.      Pasqua was a case originally filed in a NJ federal court against State court judges and child support enforcement officials arguing that child support defendants were entitled to counsel in "Ability to pay" proceedings" that could clearly lead to incarceration if said defendants were found in contempt. The NJ District court dismissed on Younger grounds and the 3rd circuit court of appeals affirmed. With hind sight now afforded to the readers and the 3rd circuit enabling all to see what the plaintiff's went through in that case after their case was dismissed from federal court, one wonders if the 3rd circuit might now have a different opinion in light of the length of time it took for plaintiff's to get their requested relief. Plaintiff earnestly pleads with this court to realize plaintiff doesn't have the time afforded those plaintiffs.

4.      Nevertheless, PASQUA v. COUNCIL was sent to state court and eventually worked its way up to the NJ Supreme Court. Plaintiff shares 2 paragraphs from the Supreme courts opinion below in support of why younger does not apply in this case and why this court should maintain jurisdiction and NOT dismiss plaintiff's motion for a Temporary Restraining Order based on younger, Comity, or federalism.

5.      In PASQUA v. COUNCIL the court stated:

"Defendants argue that plaintiffs possessed the keys to the jailhouse door.   That makes sense only if one accepts the notion that plaintiffs had the wherewithal to pay their child support arrears.   It is the purpose of the child support hearing to establish that very point.    It is at that hearing that an indigent parent untrained in the law, and perhaps anxious and inarticulate, needs the guiding hand of counsel to help prove that his failure to make support payments was not due to willful disobedience of a court order but rather to his impecunious circumstances.   See Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64,

2

77 L.Ed. 158, 170 (1932) ("Even the intelligent and educated layman has small and sometimes no skill in the science of law. He lacks both the skill and knowledge adequately to prepare his defense, even though he had a perfect one.").

We reject the Appellate Division's contentions that "a judge can adequately protect an [indigent parent] by conducting a thorough and searching ability-to-pay hearing" or that the "solution to plaintiffs' perceived problem can be found readily through judicial education and training, and need not implicate the right to appointed counsel." However well intentioned and scrupulously fair a judge may be, when a litigant is threatened with the loss of his liberty, process is what matters. A person of impoverished means caught within the tangle of our criminal or civil justice system and subject to a jail sentence is best protected by an adversarial hearing with the assistance of a trained and experienced lawyer. Although requiring counsel may complicate the procedures pertaining to enforcement of court orders, it protects important constitutional values, including the fairness of our civil justice system."

6. Plaintiff asks the court to note the NJ Supreme Courts clear belief that without counsel for the defendant that "a judge cannot adequately protect an [indigent parent] by conducting a thorough and searching ability-to-pay hearing". If the court has doubts absent any allegations of corruption, criminal conspiracy, and bias on the part of those judges, how much more ought this Honorable court to grant plaintiff's motion in light of plaintiff's detailed allegations that the entire family court all the way up to the Supreme court of Pennsylvania is bias in favor of Louis Denaples. Plaintiff has alleged a racketeering and slave labor ring orchestrated by Louis and Dominick Denaples that is sanctioned by state court judges handling plaintiff's case, and that Louis Denaples is alleged to even hold unlawful sway over the Pennsylvania Supreme court and many hundreds if not thousands of Pennsylvanians believe this as well.

7. This is because despite Pennsylvania Supreme court Justice William Castille's press release claiming that court only investigated grand jury leaks and did not invoke the so called "kings bench rule" or stop the prosecution of Louis Denaples perjury charges in 2008, the Daughin County prosecutors claim otherwise and as this plaintiff and former law enforcement closely associated with these matters determined during a recent meeting, someone is lying in that matter. Thus due to the alleged corruption on the part of the lower state courts on behalf of Louis Denaples against this plaintiff and the alleged corruption by the PA Supreme court on behalf of Louis Denaples, plaintiff can have no confidence in the state court system and this situation is the quintessential

3

example of an exception to the Younger doctrine that catapults plaintiff over younger and safely into the long term jurisdiction of this Honorable court.

8.  In Younger v. Harris, 401 U.S. 37 (1971), the Court applied the irreparable injury standard that evolved with regard to threatened state criminal proceedings to a request for an injunction against pending state criminal proceedings. As with threatened proceedings, the federal plaintiff must demonstrate that his state-court defense will not adequately protect his federal rights because of bad faith, harassment, or other unusual circumstance in order to obtain the federal injunction.

9.  The Court's decision in Mitchum v. Foster 407 U.S. 225 (1972), probably provides the strongest argument for Congressional intent in regard to the exercise of federal injunctive power under section 1983. In Mitchum the Court considered the issue of whether injunctions of pending state proceedings pursuant to section 1983 were expressly authorized by Congress as an exception to the absolute bar of the Anti-Injunction Act. Resolution of this issue necessitated a determination of whether Congress, in enacting the Civil Rights Act of 1871, had "created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Turning to the legislative history, the Court observed that "[p]roponents of the legislation noted that state courts were-being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights."

10.  The remarks of Senator Osborn, in particular, demonstrated that Congress was "extending federal power in an attempt to remedy the state courts'failure to secure federal rights":

"If the State courts had proven themselves competent to suppress the local disorders, or to maintain law and order, we should not have been called upon to legislate . . . . We are driven by existing facts to provide for the several states in the South what they have been unable to fully provide for themselves; i.e., the full and complete administration of justice in the courts.  The Court concluded that Congress intended to grant the federal

4

courts power to stay state proceedings;" otherwise, the federal equity court could not protect the federal rights covered by the statute from a failure of law and of justice in state court.

11. Plaintiff has alleged inter alia that defendants employed by Domestic Relations working in concert with all family court judges are in an illegal conspiracy to purposely render unlawful decisions in "Ability to pay" hearings in order to provide unlawful slave labor for defendants Louis and Dominick Denaples. That Louis Denaples is the head of the Pennsylvania Mafia and that he has infiltrated his into municipal government, county, and state court, all the way up to controlling the states highest court. That he has had the mafia bribe or attempt to bribe jurors on his behalf in the past, and that one juror refusing to be bribed ended up dead. That members of law enforcement from both state and federal agencies have conspired in racketeering with Denaples and that some have left their public service and gone to work for Denaples who is the mafia. That defendants conspired to not process plaintiff's state court appeal that he previously filed and that said Pennsylvania Supreme Court is also under the control and influence of the mafia controlled by Louis Denaples.

12. Not only does this satisfy Younger's requirement that plaintiff demonstrate that his state-court defense will not adequately protect his federal rights because of bad faith, harassment, or other unusual circumstance requiring the federal injunction, but plaintiff humbly asserts that this court may never see in its lifetime a case so closely analogous to the original congressional intent for section 1983 and a federal injunction brought pursuant thereto in light of the proponents concerns mentioned above and as alleged here also which is that "state courts are-being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights."

13. Given the allegations mentioned above and those alleged in plaintiff's motion for a preliminary injunction, that plaintiff sought diligently and was denied the right to modify his support order twice by defendants, that defendants intend to repeat such criminal activity and inter alia, unlawfully incarcerate plaintiff again by the end of December, 2014 in clear violation of Orfield v Weindell, the leading Pennsylvania caselaw on the

matter, plaintiff is greatly distinguished from, and unlike the New Jersey plaintiff's in PASQUA v. COUNCIL mentioned above.

14.     In light of all of the above and inter alia Orfield v Weindell, 52 A.3d 275 (2012) 2012 PA Super 135, plaintiff is likely to succeed at a minimum on the merits of this Temporary Restraining Order, as this plaintiff has no adequate state remedy and defendants plan to violate Orfield v Weindell and plaintiff's complaint which must be taken as true, and his letter from his employer prove plaintiff's indigence.

For the foregoing reasons plaintiff respectfully requests immediate ex parte oral argument on the matter and prays this honorable court make the rare exception to younger and grant said ex parte Temporary Restraining Order and Order To Show Cause why a preliminary injunction should not be granted, as well as ancillary relief in transferring plaintiff's domestic cases to another branch and enjoining all defendants in this case from annoying, harassing, or molesting plaintiff in any way directly or indirectly.

Respectfully Submitted,

Dated December, 29, 2014

William L. Burrell Jr.
445 N. 6th Ave.
Scranton, PA, 18503
570-766-2287
wburrell2013@gmail.com