UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. BURRELL, JR., | : | 3:14-CV-01891 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| APRIL PHILLIPS, *et al..,* | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

Currently pending is the motion for a temporary restraining order filed by the plaintiff, William L. Burrell, Jr. Burrell has not shown that he is entitled to the extraordinary relief of a temporary restraining order. Accordingly, we recommend that his motion for such be denied.

## II. Background and Procedural History.

At the end of September of 2014, Burrell commenced this action by filing a complaint. On December 19, 2014, he filed an amended complaint naming numerous defendants and presenting numerous claims. He alleges that there is a grand conspiracy involving a recycling center, the Lackawanna County Domestic Relations Office, and the Lackawanna Court of Common Pleas. More specifically,

he alleges that individuals who are held in contempt for failing to pay child support are required to work in the recycling center in substandard conditions for meager pay.

On December 23, 2014, Burrell filed a motion for a temporary restraining order, and on December 29, 2014, he filed a brief in support of that motion.[1]  In his motion, Burrell asserts that defendant Adams with the Lackawanna County Domestic Relations Office has threatened to have him incarcerated again on January 1, 2015, if he does not make a payment toward his child support obligation.  Burrell asserts that he is indigent and does not have the ability to pay.  He requests an order enjoining the defendants from incarcerating him for failing to pay and he requests that the Court transfer his child support case to a different Domestic Relations Office.  We conclude that, at this point, Burrell has not shown a reasonable likelihood of success on the merits of his claims.  Nor has Burrell shown special circumstances that would warrant the Court interfering in ongoing state judicial proceedings.  Accordingly, we recommend that Burrell's motion for a temporary restraining order be denied.

---

[1] The defendants have not been served in this case.  On December 30, 2014, after Burrell called chambers, I spoke to him briefly about his motion.

## III.  Discussion.

Motions for preliminary injunctive relief are governed by Rule 65[2] of the Federal Rules of Civil Procedure and are judged against exacting legal standards. To obtain a preliminary injunction or a temporary restraining order, a party "must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010).

Preliminary injunctive relief is not granted as a matter of right. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982); see also *Thomas v. Pennsylvania Dep't of Corr.*, 3:13-CV-2661, 2014 WL 3955105, at *1 (M.D. Pa. Aug. 13, 2014)("An injunction is an 'extraordinary remedy' that is never awarded as of right."). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. *United States v. Price*, 688 F.2d 204, 210 (3d Cir. 1982). Preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only

---

[2] Pursuant to Fed.R.Civ.P. 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party." In contrast, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" if certain conditions are met. Fed. R.Civ. P. 65(b)(1).

way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937). Further, where the requested preliminary injunctive relief "is directed not merely at preserving the *status quo* but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter,* 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. *United States v. Price,* 688 F.2d 204, 212 (3d Cir. 1982).

For a plaintiff to sustain his burden of proof that he is entitled to preliminary injunctive relief under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir. 1998); *Kershner,* 670 F.2d at 443. "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010)(quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *Sutton v. Cerullo*, 3:CV-10-1899,

4

2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014).  To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." *Stilp v. Contino*, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009).  "The mere risk of injury is not sufficient to meet this standard." *Id.*  And the burden of showing irreparable injury "is not an easy burden" to meet. *Moore v. Mann*, 3:CV-13-2771, 2014 WL 3893903, at *2 (M.D. Pa. Aug. 7, 2014).  In assessing a motion for preliminary injunctive relief, the court must also consider the harm to the defendants and whether granting the preliminary injunction will be in the public interest. *New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 388 (3d Cir. 2012).

     Judged against these exacting standards, Burrell's motion for a temporary restraining order fails.  Burrell alleges a broad conspiracy, but he has not presented evidence to show a reasonable probability of success on the merits of his claims.  Further, he has not shown that he will not receive a hearing in state court before he is incarcerated for failing to pay.  Although he alleges that the Court in Lackawanna County sends individuals to prison for contempt for failure to pay child support without fairly considering their assertions of an inability to pay, he has not shown that to be the case.  Further, "state child support proceeding implicate important state interests." *DiPietro v. New Jersey Family Support Payment Center*, 375 F. App'x 202, 205 (3d Cir. 2010).  And granting the

injunctive relief requested by Burrell would interfere with ongoing state judicial proceedings involving child support proceedings, which the Court generally should abstain from doing. *See Younger v. Harris,* 401 U.S. 37 (1971); *DiPietro,* 375 F. App'x at 205. While Burrell acknowledges such, he asserts that there are extraordinary circumstances in his case justifying federal intervention. But again, while he alleges a grand conspiracy, he has not presented evidence supporting such.

In sum, Burrell has not demonstrated that he is entitled to the extraordinary relief that he seeks. An assessment of the factors which govern issuance of such relief under Fed.R.Civ.P. 65 weighs against Burrell and compels us to recommend that the Court deny his motion for a temporary restraining order.

**IV. Recommendations.**

Accordingly, for the foregoing reasons, it is recommended that Burrell's motion (doc. 12) for a temporary restraining order be denied. It is further recommended that the case be remanded to the undersigned for further proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within

6

fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of December, 2014.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
