UNTITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
DEC 30 2014

PER _____
DEPUTY CLERK

| William L. Burrell Jr. | ) |
| | ) |
| Plaintiff | ) CIVIL ACTION NO: 14-1891 |
| | ) |
| V. | ) |
| | ) |
| Patrick Lounge et al. | ) |

# PLAINTIFF'S OBJECTION TO THE MAGISTRATES REPORT AND RECOMMENDATION FOR PLAINTIFF'S RULE 65(b) MOTION

    Now comes the Plaintiff, William Burrell jr. and Objects to the Magistrates report and recommendation concerning plaintiff's motion for a temporary restraining order.

    Plaintiff first asserts that the Magistrate erroneously asserts at this stage that plaintiff is required to produce evidence to support his claims alleged in his complaint and the <u>motion</u> for his TRO. In support of this contention the magistrate cites Sutton v. Cerullo, 3: cv-10-1899,2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014) which draws from Punnett V Carter, 621 f.2d 578, 582-83 (3rd cir. 1980)

    A clear reading of Punnett shows however that the magistrate has taken Punnett out of context as Punnett says nothing about providing evidence before discovery or before plaintiff and defendants have even attended a hearing on the matter which is where plaintiff intended to present evidence. In fact at the "hearing" is where all the evidence was presented in the punnett case, not in support of an ex parte motion when incarceration is imminent.

    The honorable Magistrate further argues "Mandatory injunctions should be used sparingly but plaintiff is not asking at this stage for a mandatory injunction only a temporary restraining order pursuant to Rule 65 (b) of the Fed. R. of civil procedure, and an order to show cause why an injunction shouldn't be granted. This would give the defendants time to respond and the parties could then have a hearing and then present evidence on the matter.

Plaintiff, having shown that the magistrates requirement that plaintiff present evidence at this stage to demonstrate a reasonable likelihood of success on the merits is flawed based on Punnett, will go back to the Sutton case and assert that Sutton states "in determining whether success is likely on the merits the court must look to the *legal principles* controlling the claim and the potential defenses available to the opposing party", not submitted evidence while deciding an ex parte motion for a TRO.

The legal principles are very simple and so are the defenses of the opposing party. They have to argue that plaintiff is not indigent and that they therefore have a probable cause to arrest and incarcerate him prior to a hearing, which they will then take him to and then they will need to show they have the right to incarcerate him pursuant to Orfield v Weindell, 52 A.3d 275 (2012) 2012 PA Super 135.

Plaintiff alleged that defendant Adams plans to arrest plaintiff. Because he believes plaintiff is on probation he does not feel he needs to give notice and feels he can arrest plaintiff without notice. Plaintiff provided numerous exhibits for the court that are on the docket and one was the order that clearly states Plaintiff is on probation. These are things however that plaintiff could argue at a hearing however or oral argument.

The magistrate asserts plaintiff only alleges a "mere risk" of injury and this is not the case. It is by now axiomatic that the definitive declaration by a law enforcement officer that arrest and incarceration is guaranteed by the end of December 2014 is not the mere risk but that it is certain. Plaintiff has established that the harm is imminent and probable.

The magistrate unfairly requires plaintiff to prove without discovery or a chance to cross examine witnesses that "The court in Lackawanna County Sends individuals to prison for contempt for failure to pay child support without fairly considering their assertion of an inability to pay".( Mag. Rec. P 5. Par.2.)

Plaintiff respectfully asserts that the magistrates description of plaintiff's assertion completely strips it of its context which is that "The court in Lackawanna County purposely sends child support defendants to prison with purge conditions it knows they cannot meet in **order to provide cheap slave labor for Louis and Dominick Denaples at the Recycling Center**".

Plaintiff established in his amended complaint that Ed Adams stated to the prison counselor that the judges always leave it up to Domestics to send child support defendants to recycling and that Tom Staff stated all child support defendants must do half their sentences in recycling in order to get work release.

The magistrate next argues the important state interests of state child support proceedings. Not only will there not be any "proceedings" before plaintiff is <u>arrested and incarcerated i.e irreparable harm,</u> but plaintiff made clear they are seeking arrears only owed to the state of Maine so there is <u>no pressing issue as a concerned parent on the part of the state here needing ongoing support of a child.</u>

Plaintiff stands on his arguments in his memorandum of law in support of his motion for a TRO. Plaintiff alleged :

"inter alia that defendants employed by Domestic Relations working in concert with all family court judges are in an illegal conspiracy to purposely render unlawful decisions in "Ability to pay" hearings in order to provide unlawful slave labor for defendants Louis and Dominick Denaples. That Louis Denaples is the head of the Pennsylvania Mafia and that he has infiltrated his into municipal government, county, and state court, all the way up to controlling the states highest court. That he has had the mafia bribe or attempt to bribe jurors on his behalf in the past, and that one juror refusing to be bribed ended up dead. That members of law enforcement from both state and federal agencies have conspired in racketeering with Denaples and that some have left their public service and gone to work for Denaples who is the mafia. That defendants conspired to not process plaintiff's state court appeal that he previously filed and that said Pennsylvania Supreme Court is also under the control and influence of the mafia controlled by Louis Denaples."

Given the allegations mentioned above and those alleged in plaintiff's motion for a preliminary injunction, that plaintiff sought diligently and was denied the right to modify his support order twice by defendants, that defendants intend to repeat such criminal activity and inter alia, unlawfully incarcerate plaintiff again by the end of December, 2014 in clear violation of Orfield v Weindell, the leading Pennsylvania caselaw on the matter, plaintiff is greatly distinguished from, and unlike the New Jersey plaintiff's in PASQUA v. COUNCIL mentioned above.

In light of all of the above plaintiff has successfully hurdled younger and the magistrate would have the court completely ignore the allegations, generalize them, and then require plaintiff to prove them all at this early stage before granting a TRO. This is a simple yet extremely serious matter at this stage. It may be a TRO that a court does not want to make but plaintiff respectfully asserts he is indeed in danger of irreparable harm and has no state remedy. Given that the defendants intend to arrest plaintiff without a hearing and without probable cause again, and in light of plaintiff's indigent

status and inter alia Orfield v Weindell, 52 A.3d 275 (2012) 2012 PA Super 135, plaintiff is likely to succeed at a minimum on the merits of this Temporary Restraining Order, as this plaintiff has no adequate state remedy and defendants plan to violate Orfield v Weindell and plaintiff's complaint which must be taken as true, and his letter from his employer prove plaintiff's indigence.  This is a classic **bad faith exception recognized by the Younger court.**

For the foregoing reasons plaintiff respectfully objects to the magistrates recommendation and report and pleads with the court not to adopt it. Plaintiff requests immediate ex parte oral argument on the matter and prays this honorable court realize the defendants are not prejudiced by being restrained from arresting plaintiff without a hearing for arrears owed to the state of Maine. Plaintiff humbly pleads with the court to give plaintiff the benefit of the doubt on this and to PLEASE make the rare exception to younger and grant said ex parte Temporary Restraining Order and Order To Show Cause why a preliminary injunction should not be granted, as well as ancillary relief in transferring plaintiff's domestic cases to another branch and enjoining all defendants in this case from annoying, harassing, or molesting plaintiff in any way directly or indirectly.

Respectfully Submitted,

Dated December, 30, 2014

William L. Burrell Jr.
445 N. 6th Ave.
Scranton, PA, 18503
570-766-2287
wburrell2013@gmail.com