THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BURRELL, JR.,

    Plaintiff,

v.      3:14-CV-1891
(JUDGE MARIANI)

PATRICK LOUNGO, et al.,

    Defendants.

## ORDER

**AND NOW, THIS 8TH DAY OF DECEMBER, 2016**, upon *de novo* review of Magistrate Judge Saporito's Report & Recommendation, (Doc. 34), and Plaintiff's Objection thereto, (Docs. 36, 40), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation, (Doc. 34), is **ADOPTED** for the reasons discussed therein.

2. Plaintiff's Objections, (Docs. 36, 40), are **OVERRULED**. The Court, however, will take this opportunity to briefly address one ongoing contention Plaintiff has, namely that this Court may not dismiss any of Plaintiff's claims before Defendants are served on the basis that Plaintiff, a non-prisoner, failed to state a claim upon which relief may be granted. Plaintiff cites two cases for this proposition, *Oatess v. Sobolevitch*, 914 F.2d 429 (3d Cir. 1990), and *Roman v. Jeffes*, 904 F.2d 192 (3d Cir. 1990). Although Plaintiff is correct that those cases do stand for the proposition that "a district court cannot *sua sponte* dismiss a complaint under Rule 12(b)(6) before service of process," *Oatess*, 914 F.2d at 430, those cases provide

Plaintiff no shelter. Both of those cases interpreted a subsequently amended 28 U.S.C. § 1915. At the time those decisions were issued, 28 U.S.C. § 1915(d) read "[t]he court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." In 1996, Congress expanded § 1915, and the relevant provision now reads

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
>   **(i)** is frivolous or malicious;
>   **(ii)** fails to state a claim on which relief may be granted; or
>   **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e). Thus, while it is true that this Court cannot dismiss a claim *sua sponte* under Rule 12(b)(6) before service of process, this Court is not proceeding under Rule 12(b)(6). Instead, this Court is proceeding under 28 U.S.C. § 1915(e)(2)(B)(ii), and, under that provision, this Court must dismiss a claim "*at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." (emphasis added); *see Sigmon v. Johns Hopkins Hosp.*, 460 F. App'x 87, 87 n.1 (3d Cir. 2012). As this provision of § 1915 makes no distinction between prisoners and non-prisoners, the fact that Plaintiff is not a prisoner is immaterial. *See Sigmon*, 460 F. App'x at 87-88.

3. Plaintiff's Amended Complaint, (Doc. 11), is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff **MAY FILE** an Amended Complaint within **twenty-one (21) days** of the date of this Order.

5. The case is **REMANDED** to Magistrate Judge Saporito for further proceedings consistent with this Order.

　　　　　　　　　　　　　　　　　　　　／s／ Robert D. Mariani
　　　　　　　　　　　　　　　　　　　　Robert D. Mariani
　　　　　　　　　　　　　　　　　　　　United States District Judge