UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BURRELL JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:14-cv-01891 |
| v. | (MARIANI, J.) (SAPORITO, M.J.) |
| PATRICK LOUNGO, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This is an *in forma pauperis* civil action, brought by the *pro se* plaintiff, William Burrell Jr., against an assortment of twenty-four named defendants—most of them government officials of one sort or another—seeking damages and disgorgement or forfeiture of certain property and profits derived from or used in furtherance of an allegedly illegal racketeering enterprise. On December 8, 2016, the plaintiff's *pro se* amended complaint was dismissed without prejudice and with leave to file a second amended complaint within twenty-one days. (Doc. 44). The matter was remanded to the undersigned magistrate judge for further proceedings. (*Id.*).

On December 22, 2016, the plaintiff filed a notice of appeal from the Order of December 8, 2016. (Doc. 45). Generally, once a notice of

appeal is filed, jurisdiction is no longer vested in the district court. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). But "a premature notice of appeal does not divest the district court of jurisdiction." *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1989). The Court's Order of December 8, 2016, was not an appealable final order because it dismissed the action without prejudice and granted leave to file a curative amendment. *See Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). Thus, we retain jurisdiction to dispose of the amended complaint. *See Mondrow*, 867 F.2d at 800.

On January 6, 2017, the plaintiff filed a document requesting an extension of time to file his second amended complaint. (Doc. 47). But then, on January 18, 2017, the plaintiff filed a document styled "Notice of Intent to Stand on Amended Complaint," advising the Court that he did not intend to file a second amended complaint. (Doc. 48). Based on that notice, we have contemporaneously entered an Order denying his request for an extension of time as moot.

Accordingly, because the plaintiff has failed to timely file a second amended complaint and he has expressly declared his intention to stand

on the amended complaint, *see Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991); *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990); *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam), and for the reasons stated in our previous report and recommendation (Doc. 34), it is recommended that:

1. The plaintiff's FTCA claims (Claim 20) be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1);

2. All of the plaintiff's federal claims against Judge Saxton and Judge Corbett (Claims 1, 2, 6, 8, 12, 13, and 14) be **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);

3. All of the plaintiff's federal claims against Patrick Loungo, Richard Gladys, and Ed Adams (Claims 1, 2, 3, 6, 8, 11, 12, 13, and 14) be **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for seeking monetary relief against a defendant who is immune from such relief, pursuant to

28 U.S.C. § 1915(e)(2)(B)(iii);

4. The remainder of the plaintiff's federal claims against all other defendants (Claims 1, 2, 4, 5, 7, 8, 9, 10, 12, 13, and 14) be **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5. The plaintiff's state-law claims (Claims 15, 16, 17, 18, and 19) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3); and

6. The Clerk be directed to **CLOSE** this case.


Dated: January 19, 2017          ***s/ Joseph F. Saporito, Jr.***
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BURRELL JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:14-cv-01891 |
| v. | (MARIANI, J.)<br>(SAPORITO, M.J.) |
| PATRICK LOUNGO, et al., | |
| Defendants. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January 19, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

- 2 -

which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: January 19, 2017      ***s/ Joseph F. Saporito, Jr.***
                            JOSEPH F. SAPORITO, JR.
                            United States Magistrate Judge