IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM L. BURRELL, JR., JOSHUA HUZZARD, and DAMPSEY STUCKEY,<br><br>      Plaintiffs,<br><br>v.<br><br>TOM STAFF, LOUIS DENAPLES, DOMINICK DENAPLES, LACKAWANNA RECYCLING CENTER, INC., and LACKAWANNA COUNTY SOLID WASTE MANAGEMENT AUTHORITY,<br><br>      Defendants. | Hon. Robert D. Mariani<br><br>CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>VIA ECF<br><br>NO. 3:14-CV-01891-RDM-JFS |

**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P 12(b)(6) BY DEFENDANT, LACKAWANNA COUNTY SOLID WASTE MANAGEMENT AUTHORITY**

  AND NOW comes the Defendant, LACKAWANNA COUNTY SOLID WASTE MANAGEMENT AUTHORITY, by and through its attorneys, COGNETTI & CIMINI, and hereby moves for dismissal of Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof avers the following:

  1. This action originated in September of 2014 when Plaintiff, William Burrell (hereinafter "Burrell") filed a *pro se* civil rights complaint in the instant court.

2. Burrell subsequently filed a 115-page Amended Complaint, raising 20 separate claims and naming over two dozen defendants.

3. Moving Defendant, Lackawanna County Solid Waste Management Authority (hereinafter "LCSWMA") was not named as a Defendant in Burrell's Amended Complaint.

4. Burrell's Amended Complaint alleged that the then-named Defendants were part of an enterprise designed to furnish cheap labor by manipulating child support enforcement proceedings in order to detain child support violators for work assignment at LCSWMA's recycling center.

5. Following the dismissal of Burrell's Amended Complaint, and subsequent appeal to the Third Circuit, this Honorable Court granted Burrell the opportunity to file a Second Amended Complaint.

6. Burrell's Second Amended Complaint adds additional new Defendants, including moving Defendant LCSWMA[1], and purports to add a putative class of Plaintiffs allegedly entitled to relief pursuant to the Trafficking Victims Protection Act ("TPVA") (18 U.S.C. §1589) (Count I); the Thirteenth Amendment (pursuant to 42 U.S.C. §1983) (Count II); the Fair Labor Standards

---

[1] Although the Third Circuit Court of Appeals found that the allegations in Burrell's Amended Complaint were sufficient to state a claim against some of the then-named Defendants, those allegations are not thereby automatically sufficient to state a claim against any and all potential Defendants, including moving Defendant LCSWMA. In fact, Burrell's allegations do fail to state a claim against moving Defendant LCSWMA, which was not a named party in Burrell's Amended Complaint and therefore did not participate in Burrell's appeal to the Third Circuit.

Act (29 U.S.C. §201, et seq.) (Count III); the Racketeer Influenced and Corrupt Organizations (RICO) Act (18 U.S.C. §1961, et seq.) (Count VI); and several state claims under supplemental jurisdiction.

7. Plaintiffs' claims for relief are based upon their allegations that they were compelled to work at a recycling center owned by LCSWMA because Plaintiffs' opted to participate in the Community Corrections Program for work-release after "prison staff" communicated that "in order to qualify for work release" the "prison policy" required them to work at the recycling center. See Second Amended Complaint ¶ 29-32, 62-63, 66-67, 86-88.

## APPLICABLE STANDARD OF REVIEW

8. A motion to dismiss tests the legal sufficiency of the complaint. A complaint may be dismissed only where no relief could be granted under any set of *facts* that could be proved consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (emphasis added).

9. The averments must be viewed in the light most favorable to the plaintiff, and all well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989).

10. The Court need not, however, accept as true unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual

allegation.  Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2 (1977); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n. 13 (3d Cir.1998).

11. The claims must be anchored in a bed of facts and the pleading party must allege more than bald assertions and unsubstantiated conclusions.  Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991).

12. "In fairness to innocent parties, courts should strive to flush out frivolous R.I.C.O. allegations at an early stage in the litigation." Figueroa v. Algeria, 896 F.2d 645, 650 (1st Cir. 1990).

13. Courts must be diligent to ensure that the extraordinary remedy of a civil RICO claim does not undermine ordinary commercial transactions and that treble damage suits are not brought for their harassment or settlement value.  *See* Manesco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989).

14. Moreover, a trial judge is not obligated to construct a cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead a cause of action himself.  Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371-372 (10th Cir. 1989).

**COUNT I – VIOLATION OF THE TVPA (15 U.S.C §1589)**

15. The TVPA imposes liability for "knowingly provid[ing] or obtain[ing] the labor or services of a person . . . by means of the *abuse or threatened abuse of law or legal process*." 18 U.S.C. § 1589(a)(3) (emphasis added).  However,

"[w]here a plaintiff has a choice . . . there can be no involuntary servitude, even if that choice is a painful one." See <u>Watson v. Graves</u>, 909 F.2d 1549, 1552 (5th Cir. 1990).

16. Plaintiffs have failed to state a claim against LCSWMA because, as a matter of law, LCSWMA has no authority or power to commit acts under the color of law or engage in the conduct Plaintiffs' allege.

17. More specifically, LCSWMA is a municipal authority enabled pursuant to the Municipal Authorities Act, <u>53 Pa. Cons. St. §§ 5601-5622</u> (hereinafter "MAA").

18. The MAA provides LCSWMA with certain powers to, *inter alia*, own, finance, contract, and operate facilities to carry out its particular purpose. <u>53 Pa. Cons. Stat. § 5607(d).</u>

19. However, the MMA does not provide LCSWMA with any additional power or the broader authority of government that would give it the ability to detain prisoners, set confinement conditions, determine a prisoner's eligibility for work release, or assign a prisoner for work at the recycling center.

20. Plaintiffs have failed to state a claim against LCSWMA because LCSWMA has no role in prisoner detention, confinement conditions, eligibility for work release, or assignment for work at the recycling center. Additionally, LCSWMA has no control or authority over "prison policy," "prison staff," or

"qualification for work release."  See <u>Second Amended Complaint</u> ¶ 29-32, 62-63, 66-67, 86-88.

21. Plaintiffs have failed to state a claim against LCSWMA because the allegations contained in Plaintiffs' Second Amended Complaint establish that participation in the Community Corrections Program was voluntary, not compulsory.  More specifically, Plaintiffs assert a claim under the TVPA by simply *labeling* their *choice* to participate in work-release under the Community Corrections Program as "forced labor."

22. Plaintiffs' have failed to state a claim against LCSWMA because Plaintiffs' Second Amended Complaint is devoid of any allegations which would support a conclusion that Plaintiffs' choice to participate in the Community Corrections Program was the result of "abuse" or "threatened abuse of law or legal process."

### COUNT II – VIOLATION OF THE 13TH AMENDMENT PURSUANT TO 42 U.S.C. §1983

23. To prove a violation under the Thirteenth Amendment, one must show that the Plaintiffs were subjected to involuntary servitude or slavery. <u>Watson v. Graves</u>, 909 F.2d 1549 (5th Cir. 1990).

24. "Involuntary servitude is defined as an action by the master causing the servant to have, or to believe he has, *no way to avoid* continued service or

confinement." Id. at 1552 (quoting United States v. Shackney, 333 F.2d 475, 486 (2d Cir. 1964) (internal quotations omitted)) (emphasis added).

25. When a person has a choice, no matter how painful that choice may be, there is no constitutional violation for involuntary servitude. See Brooks v. George County, Miss., 84 F.3d 157, 163 (5th Cir. 1996).

26. Plaintiffs have failed to state a claim against LCSWMA because, as a matter of law, LCSWMA has no authority or power to commit acts under the color of law or engage in the conduct Plaintiffs' allege.

27. More specifically, LCSWMA is a municipal authority enabled pursuant to the Municipal Authorities Act, 53 Pa. Cons. St. §§ 5601-5622 (hereinafter "MAA").

28. The MAA provides LCSWMA with certain powers to, *inter alia*, own, finance, contract, and operate facilities to carry out its particular purpose. 53 Pa. Cons. Stat. § 5607(d).

29. However, the MMA does not provide LCSWMA with any additional power or the broader authority of government that would give it the ability to detain prisoners, set confinement conditions, determine a prisoner's eligibility for work release, or assign a prisoner for work at the recycling center.

30. Plaintiffs have failed to state a claim against LCSWMA because LCSWMA has no role in prisoner detention, confinement conditions, eligibility for

work release, or assignment for work at the recycling center.  Additionally, LCSWMA has no control or authority over "prison policy," "prison staff," or "qualification for work release."  See Second Amended Complaint ¶ 29-32, 62-63, 66-67, 86-88.

31.     Plaintiffs have failed to state a claim against LCSWMA because the allegations contained in Plaintiffs' Second Amended Complaint establish that participation in the Community Corrections Program was voluntary, not compulsory.  More specifically, Plaintiffs assert a claim under the 13th Amendment by simply *labeling* their *choice* to participate in work-release under the Community Corrections Program as "involuntary servitude."

32.     Plaintiffs have failed to state a claim against LCSWMA because Plaintiffs' Second Amended Complaint is devoid of any allegations which would support a conclusion that Plaintiffs had "no way to avoid" voluntary participation in the Community Corrections Program.

**COUNT III – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

33.     "It is well established that a prisoner is not an employee under the Fair Labor Standards Act ("FLSA"), because the relationship is not one of employment, but arises out of the prisoner's status as an inmate. Wilkerson v. Samuels, 524 Fed. Appx. 776, 779; 2013 U.S. App. LEXIS 9060 (3d Cir. 2013); See also Tourscher v.

McCullough, 184 F.3d 236, 243 (3d Cir. 1999); Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992).

34.     Plaintiffs have failed to state a claim against LCSWMA because Plaintiffs are not "employees" and LCSWMA is not an "employer" within the meaning of the FLSA.

35.     Moreover, as Plaintiffs allege and acknowledge, the recycling center owned by LCSWMA was operated by Defendant Lackawanna Recycling Center, Inc. (hereinafter "LRC") pursuant to an Operating Agreement dated May 3, 2006 which precluded LCSWMA from controlling the work of employees in any way. See Second Amended Complaint ¶ 121-126.

36.     Plaintiffs have therefore also failed to state a claim against LCSWMA because LCSWMA did not control or have authority to control Plaintiffs' work hours, terms, or conditions.

### COUNT IV – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

37.     Plaintiffs assert a claim pursuant to the Pennsylvania Minimum Wage Act ("PMWA") based upon allegations that LRC failed to pay Plaintiffs minimum wages for their work at the recycling center owned by LCSWMA.

38.     Plaintiffs fail to state a claim against LCSWMA because the incarcerated Plaintiffs were not "employees" covered by the minimum wage provision of the PMWA.

9

39. Plaintiffs fail to state a claim against LCSWMA because LCSWMA had no control or right to control the rate of compensation Plaintiffs received for work performed at the recycling center.

40. More specifically, as Plaintiffs allege and acknowledge, the recycling center owned by LCSWMA was operated by LRC pursuant to an Operating Agreement dated May 3, 2006, which precluded LCSWMA from controlling the rate of compensation received by Plaintiffs. See Second Amended Complaint ¶ 121-126.

41. Moreover, it is well established that where there is no "substantial federal claim to which the state claims could be appended, the primary justification for the exercise of pendent jurisdiction [is] absent." University of Maryland at Baltimore v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1540 (3d Cir. 1993) (quoting Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976)).

42. Accordingly, if there is no federal Question Jurisdiction under Counts I, II, III and VI of the Plaintiffs' Second Amended Complaint, the remaining counts which are based solely on pendent or supplemental jurisdiction should also be dismissed.

### COUNT V – VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTIONS LAW ("WPCL")

43. The WPCL allows employees to recover "unpaid wages and liquidated damages" from "employers." 43 Pa.C.S. §260.9a.

44. Plaintiffs fail to state a claim against LCSWMA because LCSWMA had no control or right to control the rate of compensation Plaintiffs received for work performed at the recycling center.

45. More specifically, as Plaintiffs allege and acknowledge, the recycling center owned by LCSWMA was operated by LRC pursuant to an Operating Agreement dated May 3, 2006, which precluded LCSWMA from controlling the rate of compensation received by Plaintiffs.  See Second Amended Complaint ¶ 121-126.

46. Moreover, it is well established that where there is no "substantial federal claim to which the state claims could be appended, the primary justification for the exercise of pendent jurisdiction [is] absent." University of Maryland at Baltimore v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1540 (3d Cir. 1993) (quoting Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976)).

47. Accordingly, if there is no federal Question Jurisdiction under Counts I, II, III and VI of the Plaintiffs' Second Amended Complaint, the remaining counts which are based solely on pendent or supplemental jurisdiction should also be dismissed.

**COUNT VI – VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") (18 U.S.C. §§1961, *et seq*.)**

48. To state a claim under the RICO, a party must allege that defendants participated in (1) conduct (2) of an enterprise (3) through a pattern (4) of

racketeering activity.  Fleetwood Servs., LLC v. Complete Bus. Sols. Grp., Inc., 374 F. Supp. 3d 361, 373 (E.D. Pa. 2019).

49. In order to properly allege a RICO enterprise, the Third Circuit has further identified three specific characteristics: (1) That there is an ongoing organization; (2) that the associates function as a continuing unit; and (3) that the enterprise is an entity separate and apart from the pattern of activity in which it engages.  See United States v. Console, 13 F.3d 641, 650 (3rd Cir. 1993).

50. This is known as the RICO "separateness" requirement and is defined by the Supreme Court in the case of United States v. Turkette, 452 U.S. 576, 583 (1981).  See also, Seville Indus. Mach. Corp., 742 F.2d at 790 (holding "It is an essential element of the RICO cause of action that the enterprise be apart from the underlying pattern of racketeering activity.")

51. Plaintiffs' allege a "pattern of racketeering" predicated upon violation of the TVPA as a result of "forced labor" in the form of an opportunity to participate in the Community Corrections Program.  See Second Amended Complaint, ¶240.

52. Plaintiffs' further allege an association-in-fact by and between the LRC, LCSWMA, Louis DeNaples, Dominick DeNaples, and Thomas Staff.  See Second Amended Complaint, ¶185-192.

53. Plaintiffs have failed to state a claim against LCSWMA because Plaintiffs' Second Amended Complaint unequivocally fails to separate the alleged RICO "enterprise" from the underlying pattern of allegedly unlawful activity, in violation of the "separateness" requirement defined by the U.S. Supreme Court.

54. Pursuant to the allegations of Plaintiffs' Second Amended Complaint, the "enterprise" and the "pattern of racketeering activity" are one in the same.

55. Plaintiffs have failed to state a claim against LCSWMA because, to the extent Plaintiffs' claims under the TVPA fail, Plaintiffs RICO claims also fail.

## COUNT VII – UNJUST ENRICHMENT

56. Plaintiffs allege that Defendants were unjustly enriched by the value of work performed by incarcerated Plaintiffs, and that it would be "unjust" for Defendants to "retain this benefit without payment to Plaintiffs." See Second Amended Complaint, ¶244-246.

57. Plaintiffs fail to state a claim against LCSWMA because LCSWMA had no control or right to control the rate of compensation Plaintiffs received for work performed at the recycling center.

58. More specifically, as Plaintiffs allege and acknowledge, the recycling center owned by LCSWMA was operated by LRC pursuant to an Operating Agreement dated May 3, 2006, which precluded LCSWMA from controlling the

rate of compensation received by Plaintiffs. See Second Amended Complaint ¶ 121-126.

59. Moreover, it is well established that where there is no "substantial federal claim to which the state claims could be appended, the primary justification for the exercise of pendent jurisdiction [is] absent." University of Maryland at Baltimore v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1540 (3d Cir. 1993) (quoting Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976)).

60. Accordingly, if there is no federal Question Jurisdiction under Counts I, II, III and VI of the Plaintiffs' Second Amended Complaint, the remaining counts which are based solely on pendent or supplemental jurisdiction should also be dismissed.

WHEREFORE, moving Defendant Lackawanna County Solid Waste Management Authority respectfully requests that this Honorable Court enter an Order dismissing all claims against it, and granting such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,
COGNETTI & CIMINI

_____
SARAH R. LLOYD, ESQUIRE
PA Atty. ID No. 311214
srl.cognetticimini@gmail.com

_____
SAL COGNETTI, JR., ESQUIRE
PA Atty. ID No. 17269
salcognettijr@comcast.net

Scranton Electric Bldg., 7th Floor
507 Linden Street
Scranton, PA 18503
(570) 346-0745

*Counsel for Defendant, Lackawanna County Solid Waste Management Authority*

15

# CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 17th day of March, 2020, a true and correct copy of the foregoing Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to F.R.C.P. 12(b)(6) by Defendant, Lackawanna County Solid Waste Management Authority was filed and served via the Court's ECF system and electronically delivered to:

William H. Anderson, Esquire
HANDLEY FARAH & ANDERSON, PLLC
4730 Table Mesa Drive Suite G-200
Boulder, CO 80305
wanderson@hfajustice.com
*Counsel for Plaintiff,*
*William L. Burrell, Jr.*

Marielle R. Macher, Esquire
Peter Zurflieh, Esquire
COMMUNITY JUSTICE PROJECT
118 Locust Street
Harrisburg, PA 17101
mmacher@cjplaw.org
pzurflieh@palegalaid.net
*Counsel for Plaintiff,*
*William L. Burrell, Jr.*

Brianne M. Power, Esquire
David H. Seligman, Esquire
Juno E. Turner, Esquire
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218
brianne@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
*Counsel for Plaintiff, William L. Burrell, Jr.*

Matthew K. Handley, Esquire
Rachel E. Nadas, Esquire
HANDLEY FARAH & ANDERSON, PLLC
777 6th Street, NW 11th Floor
Washington, DC 20001
mhandley@hfajustice.com
rnadas@hfajustice.com
*Counsel for Plaintiffs, William L. Burrell, Jr., Joshua Huzzard, and Dampsey Stuckey*

David E. Heisler, Esquire
Philip A. Davolos, III, Esquire
CIPRIANI & WERNER, P.C.
415 Wyoming Avenue

Jeffrey Belardi, Esquire
BELARDI LAW OFFICES
50 Alberigi Drive, Suite 114

| | |
|---|---|
| Scranton, PA 18503<br>dheisler@c-wlaw.com<br>pdavolos@c-wlaw.com<br>*Counsel for Defendants, Tom Staff and Lackawanna County* | Jessup, PA 18434<br>jeff@belardilegal.com<br>*Counsel for Defendants, Louis DeNaples, Dominick DeNaples, and Lackawanna Recycling Center, Inc.* |

Respectfully submitted,
COGNETTI & CIMINI

_____
SARAH R. LLOYD, ESQUIRE
PA Atty. ID No. 311214
srl.cognetticimini@gmail.com

_____
SAL COGNETTI, JR., ESQUIRE
PA Atty. ID No. 17269
salcognettijr@comcast.net

Scranton Electric Bldg., 7th Floor
507 Linden Street
Scranton, PA 18503
(570) 346-0745

*Counsel for Defendant, Lackawanna County Solid Waste Management Authority*