IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM L. BURRELL JR., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> LACKAWANNA RECYCLING CENTER, INC., et al., <br><br> *Defendants*. | No. 3:14-cv-1891 <br> **United States District Judge** <br> **Robert D. Mariani** |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the Local Rules and the Court's March 31, 2023, order (ECF 153), the parties hereby submit the following Joint Case Management Plan:

**1.      Principal Issues**

    **1.1.   Separately for each party, please give a statement summarizing this case:**

**By Plaintiffs:**

For many years, pursuant to an agreement between Defendants Lackawanna Recycling Center Inc. ("LRCI") and the Lackawanna County Solid Waste Management Authority (the "Authority"), Defendants have operated a scheme to compel people detained in the prison operated by Defendant Lackawanna County (the "County") due to child-support debts to work for the benefit of Defendants. In this Class and Collective Action, Plaintiffs claim that Defendants violated the Trafficking Victims Protection Act, the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Racketeer Influenced and Corrupt Organizations Act, as well as the common law of unjust enrichment, because Defendants forced detained people who would otherwise be eligible for work

1

release to work at the Lackawanna Recycling Center (the "Center") before they could "qualify" for work release.

This means that for at least hundreds of people, forced labor has been the price of freedom from incarceration. By coercing Plaintiffs to work for just $5 per day at the Center owned by the Authority and operated by LRCI, Defendants prevent Plaintiffs from earning wages through work release and in turn harm Plaintiffs' children, who would receive those wages through the child-support payments that work release would permit.

At the same time, Defendants' scheme allows the Center to operate with Plaintiffs' almost-free labor, to the benefit of all Defendants and to the detriment of Plaintiffs and their families. Working conditions at the Center are abysmal. People work on conveyor belts, separating recyclable materials from garbage, containing dirty diapers, dead animals, medications, and chemicals. Liquids and particulate from the garbage splatter onto their arms and faces. When workers wipe their faces, pieces of glass and plastic frequently lodge in their skin and lead to painful skin problems, including itchiness and redness they call "trash rash."

Plaintiffs seek all applicable damages, including but not limited to unpaid minimum wages and overtime, actual damages, liquidated damages, declaratory and injunctive relief, statutory penalties, punitive damages, compensatory damages, pre- and post-judgment interest, attorney's fees, and litigation expenses on behalf of themselves and those similarly situated.

**By Defendant Lackawanna Recycling Center, Inc. ("LRCI"):**

Plaintiffs failed to pay lawful, court-ordered child support.  Plaintiffs failed to make those payments to their families.  Each was then cited for civil contempt after long periods of not paying.  Each then had a hearing and a judge found, beyond a reasonable doubt, that each Plaintiff had the present ability to pay the amounts owed to their children.  The court then ordered Plaintiffs to pay the amounts owed to their children, or serve a fixed term in prison for contempt. Those orders and those findings were never challenged by Plaintiffs in any hearing, on appeal, or in a petition to modify the payments, which could have been "filed at any time and shall be granted inf the requesting party demonstrates a substantial change in circumstances."  23 Pa. C.S. § 4352(a).  Plaintiffs chose prison.  While lawfully imprisoned for civil contempt, each Plaintiff chose to voluntarily participate in a discretionary work release program.  Each asserts that, by making that choice, they have a claim under the "abuse of law" clause of the Trafficking

Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591 et seq., and, further, that were not paid a minimum wage as "employees" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. This Court saw through the charade of Plaintiffs' novel claims and dismissed them. But a divided Third Circuit panel employed strained constructions of the relevant federal statutes, misinterpreted 23 Pa. C.S. § 4352, and relied upon unsupportable inferences from unpleaded facts, allowed those claims to proceed.

**By Defendant Lackawanna County Solid Waste Management Authority ("LCSWMA"):**

Defendant LCSWMA adopts and incorporates Defendant LRCI's summary of the case.

**By Defendant Lackawanna County ("the County"):**

The Plaintiffs were incarcerated by Orders of Court. The terms of their incarcerations were set forth in Court Orders. The Prison did not set the terms of the Plaintiffs' incarceration; the Court did. In order to incarcerate the Plaintiffs, the state court had to find "beyond a reasonable doubt, from the totality of the evidence before it, the contemnor had the ability to comply." If the Plaintiffs disagreed with the state court's findings that sent them to prison, they could have appealed the Orders in the state court system. They chose not to do so. If the Plaintiffs subsequently underwent a change in their financial circumstances, they could have petitioned the Court to change the terms of their incarceration, since the Court continued to maintain jurisdiction over support orders

The Plaintiffs were free to petition the Court in regard to any Support Orders. The Plaintiffs could choose not to work anywhere and instead stay in prison. No overpowering coercion was exerted to have the Plaintiffs engage in any work activity. They were free to pay the purge amount due as determined by the Court and not be incarcerated at all.

The Plaintiffs were civil detainees. As such, they are not covered by the Fair Labor Standards Act or the Pennsylvania Minimum Wage Act. They were not employees of the Prison.

Since the Prison did not violate Trafficking Victims Protection Act, or for that matter, engage in any unjust conduct, the Plaintiff's unjust enrichment claim must fail.

**1.2. The facts that the parties <u>dispute</u> are as follows:**

Any fact alleged in Plaintiffs' Second Amended Complaint that is not admitted by a Defendant in its respective answer to the Second Amended Complaint.

**The facts that the parties <u>agree</u> upon are as follows:**

Plaintiffs and the County agree on the following facts: Plaintiffs and putative class and collective action members performed work at the Lackawanna Recycling Center and received $5 per day for that work.

Those facts alleged in Plaintiffs' Second Amended Complaint that are admitted by a Defendant in its respective answer to the Second Amended Complaint.

**1.3. The legal issues that the parties <u>dispute</u> are as follows:**

- Whether Defendants violated the laws at issue.
- Whether this action should be permitted to proceed as a class action.
- Whether this action should be permitted to proceed as a collective action.
- **By Defendant LRCI:** Additionally, those legal issues raised by LRCI's filings before this Court, the Third Circuit and/or the U.S. Supreme Court.
- **By Defendant LCSWMA:** Additionally, those legal issues raised by LCSWMA's filings before this Court, the Third Circuit and/or the U.S. Supreme Court.

**The legal issues that the parties <u>agree</u> upon are as follows:**

- Jurisdiction

**1.4. Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:** None

**1.5. Identify any named parties that have not yet been served:** None

**1.6. Identify any additional parties that:**

4

- **Plaintiffs intend to join:** Additional plaintiffs who opt in pursuant to the Fair Labor Standards Act.
- **Defendant LRCI intends to join:** None at this time.
- **Defendant LCSWMA intends to join:** None at this time.

**1.7. Identify any additional claims that:**

- **Plaintiff intends to add:** None at this time.
- **Defendant LRCI intends to join:** None at this time.
- **Defendant LCSWMA intends to join:** None at this time.

**2.0. Disclosures**

Initial disclosures shall be served by May 5, 2023, including the disclosures required by Section 2.1.

**3.0. Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Filing Date |
|---|---|---|
| Motion for Protocol Governing Electronically Stored Information | Joint | May 15, 2023 |
| Motion for Notice of Right to Opt In under 29 U.S.C. § 216(b) | Plaintiffs | May 31, 2023 |
| Class Certification Motion | Plaintiffs | January 14, 2024 |

**4.0 Discovery**

**4.1. Briefly describe any discovery that has been completed or is in progress:** None.

**4.2. Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g, "plaintiff will depose Mr. Jones, defendant's controller, to learn what**

5

**defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):** Depositions and written discovery regarding class, merits, and damages issues. The parties reserve the right to object to discovery pursuant to applicable law.

**4.3. Describe any <u>discovery</u> that one or more parties want(s) to conduct but to <u>which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

**By Plaintiffs:**

<u>Bifurcated Discovery Is Unwarranted and Inefficient</u>

LRCI and LRCSWMA request that discovery be bifurcated into two phases: first, discovery on the "propriety" of an FLSA collective action or class action; and second, on merits and damages. Bifurcation of discovery would not be proper here.

The issues relevant to class certification are inseparable from issues related to the merits. Plaintiffs anticipate that their forthcoming class action motion will require discovery related to the individuals who worked at the Center and the amounts each was paid. It will also entail discovery related to the program itself, including the conditions to which the members of the putative class were subject. These items are relevant to the propriety of a class action as well as to the merits of Plaintiffs' claims and their damages. Furthermore, bifurcation would also unnecessarily subject witnesses (both plaintiffs' and defendants') to multiple depositions. Bifurcation unnecessarily delays the litigation and will not conserve judicial resources. This case has been pending since 2014, following extensive and ultimately unsuccessful attempts by Defendants to dismiss Plaintiffs' complaint. LRCI and LRCSWMA's proposed bifurcation would only create more discovery disputes as the parties would inevitably dispute whether certain discovery involves merits or certification.

<u>Plaintiffs' Discovery Should Not Be Limited to a Subset of Their Claims</u>

Defendants LRCI and LRCSWMA contend that Plaintiffs' forced-labor and minimum-wage claims are based on alternative theories of liability and that Plaintiffs should be limited to pursue only one theory during discovery. Plaintiffs

6

dispute this characterization of their claims. Regardless, they are entitled to discovery on both claims.

A "plaintiff is entitled to plead alternative theories of liability for purposes of discovery." *Circuito Cerrado, Inc. v. Katuran*, No. 10-4343, 2011 U.S. Dist. LEXIS 100622, at *5 n.13 (E.D. Pa. Sep. 6, 2011). That is so even if the alternative theories of liability are mutually exclusive (as LRCI maintains is true here). *Id.* The Third Circuit has held that Plaintiffs assert valid theories of liability. Consequently, Plaintiffs are "entitled to . . . discovery in aid of" each one. *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402 (1960).

**By Defendant LRCI, joined by LCSWMA:** While Plaintiffs were permitted to *plead* in the alternative, their claims pursuant to the FLSA and the TVPA are, as recognized by footnote 10 of the Third Circuit's February 8, 2023 Opinion of the Court, incompatible and cannot both be pursued on the merits. At the outset, Plaintiffs should be required to answer Requests for Admission as to whether their alleged work at the Center was voluntary or involuntary and, consequently, to select their theory of the case. Additionally, should the Court permit Plaintiffs to pursue both claims simultaneously through discovery, then discovery should be bifurcated and, initially, limited to, the propriety of: (1) an FLSA collective action; and (2) class certification. Any merits or damages discovery should await the Court's determination of those threshold matters.

Defendants LRCI and LCSWMA object to Plaintiffs' legal arguments contained in Section 4.0 of the Joint Case Management Plan, as such arguments are more appropriately offered to the Court through motion practice, as necessary.

    **4.4.** **Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:** See Section 4.3 above.

    **4.5.** **For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> that should be fixed, subject to later modification by stipulation or court order on an appropriate showing:**

        **4.5.1. Depositions (excluding experts) to be taken by each side:**

**By Plaintiffs:**

  The parties should default to the number of depositions provided for by Federal Rule of Civil Procedure 30. If any party believes additional depositions are needed, it will seek to reach an agreement with the opposing party. If an agreement is not possible, the party will seek leave of court for additional depositions.

  LRCI and LRCSWMA have wrongly suggested that each opt-in Plaintiff should be subject to full discovery. Particularly because of the unique power imbalances present in this case, Plaintiffs do not concede, at this stage, that Defendants may subject opt-in plaintiffs to written discovery and depositions. Plaintiffs reserve the right to challenge any and all such discovery on the basis that it would be unduly burdensome, unnecessary, duplicative, or designed to intimidate or retaliate against opt-in plaintiffs. *See Scott v. Bimbo Bakeries,* No. 10-3154, 2012 U.S. Dist. LEXIS 175016, at *12 (E.D. Pa. Dec. 11, 2012) (collecting cases and finding that Third Circuit courts "have routinely limited discovery to a representative sample of opt-in plaintiffs in FLSA actions").

  At this stage, it is not necessary and is premature to determine the availability or appropriate scope of opt-in discovery. Accordingly, Plaintiffs propose that after the Court has ruled on Plaintiffs' forthcoming motion for notice of right to opt in under 29 U.S.C. § 216(b), and after potential plaintiffs have had the opportunity to opt in, the parties should attempt in good faith to agree on the appropriate scope of opt-in discovery. If unable to agree, the parties would present their competing proposals for the Court to resolve. This path forward would both promote judicial economy by streamlining discovery disputes and appropriately account for Plaintiffs' and Defendants' interests at this stage of the litigation.

**By Defendant LRCI, joined by Defendant LCSWMA:** LRCI and LCSWMA, as noted above, submit that discovery should be limited, initially, to the propriety of collective action and class certification. At this time, there are 3 named Plaintiffs and 9 other Plaintiffs who subsequently opted in under 29 U.S.C. § 216(b). Defendants should be permitted to depose each Plaintiff.

> ### 4.5.2. Interrogatories to be served by each side:
>
> - At this time, the parties believe they can agree to default to the number of interrogatories Local Rule 33.3 provides. If any party believes additional interrogatories are needed, they will seek to

reach an agreement with the opposing party and if an agreement is not possible, will seek leave of court for additional interrogatories.

### 4.5.3. Document production requests to be served by each side:

- The parties do not wish to limit the number of document requests each side may serve.

### 4.5.4. Requests for admission to be served by each side:

- At this time, the parties believe they can agree to default to the number of requests for admission Local Rule 36.1 provides. If any party believes additional interrogatories are needed, it will seek to reach an agreement with the opposing party. If an agreement is not possible, it will seek leave of court for additional requests for admission.

## 4.6. Discovery of Electronically Stored Information

- Counsel certify that they have begun the process of conferring about the matters addressed in Local Civil Rule 26.1. At this time, they do not foresee any significant issues with respect to the production of electronically stored information.

## 5.0. Protective Order

**5.1. If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

- Counsel has begun the process of conferring about the appropriateness of a protective order. To the extent one or more parties believe a protective order should be entered, it shall submit a proposed order to the Court along with the basis of why it should be entered.

**5.2. If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:** N/A

## 6.0. Scheduling

6.1.  **Final date for joining additional parties:**  July 14, 2023, except that parties to be joined pursuant to the collective action procedure in the Fair Labor Standards Act may be added after this deadline.

6.2.  **Final date for amending pleadings:**  July 14, 2023

6.3.  **All fact discovery commenced in time to be completed by:**  The outcome of Plaintiff's anticipated collective action and class certification motions will significantly impact the scope of this litigation.  In other class action lawsuits, this Court has deferred setting case-management deadlines until after the resolution of the class certification motion.  *See, e.g.*, *Lebby v. Walmart Inc.*, No. 3:21-cv-01365-RDM, ECF 20; *Shiptoski v. SMG Grp., LLC*, No. 3:16-cv-01216-RDM, ECF 25.  The parties hope the Court will take a similar approach in this action.

6.4.  **All potential dispositive motions should be filed by:**  See Section 6.3 above.

6.5.  **Reports from retained experts due:**  See Section 6.3 above.

6.6.  **Supplementations due**:  See Section 6.3 above.

6.7.  **All expert discovery commenced in time to be completed by:**  See Section 6.3 above.  Additionally, to the extent Plaintiffs intend to use expert reports in their motion for class certification, such reports shall be disclosed with the motion.  Should Plaintiffs offer expert reports in connection with their motion for class certification, then Defendants' response date and Plaintiffs' reply date shall be extended by at least 60 days so that the parties can: (1) conduct expert discovery; and (2) prepare and submit any responsive, opposing, or rebuttal expert reports.

6.8.  **This case may be appropriate for trial in approximately:**  See Section 6.3 above.

6.9.  **Suggested Date for the final Pretrial Conference:**  See Section 6.3 above.

6.10.  **Trial:**  See Section 6.3 above.

**7.0. Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**For Plaintiffs:** Counsel for Plaintiffs identified in Section 11.0, below.

**For Defendants:**

**For Defendant LRCI:**  Counsel for LRCI identified in Section 11.0, below.

**For Defendant LCSWMA:**  Counsel for LCSWMA identified in Section 11.0, below.

**For Defendant Lackawanna County:**

John Judge
Director of Insurance & Risk Management
Lackawanna County Government Center
123 Wyoming Avenue
Scranton, PA 18503
Phone: 570-9693-6743 (x1830)
John Judge <JudgeJ@lackawannacounty.org>

Benjamin I. Schulman
Professional Liability Claims Adjuster
Summit Risk Services
Office: (215) 259-5090
Cell: (267) 664-8063
Benjamin Schulman schulman@summitrisk.com

Patrick C. Patterson
Senior Claims Counsel
Select Professional
AXA XL
14643 Dallas Parkway, Suite 770
Dallas, TX 75254, USA
Phone: 972.663.3274
Mail to: pat.patterson@axaxl.com

**8.0.  Alternative Dispute Resolution ("ADR")**

**8.1.   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use:**  None.

**8.2.   If the parties have been unable to agree on the ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

- **By Plaintiffs:** Plaintiffs propose engaging in ADR either through a private mediator, for which the parties would share the cost, or through the Court's mediation program.  Plaintiffs would require production of certain limited information in advance of such mediation in order to provide the best chance that the mediation will be fruitful.
- **By Defendant LRCI**:  Defendant LRCI takes no position on ADR. To the extent the parties agree to ADR, then LRCI would, likewise require production of certain information in advance of mediation. Additionally, Plaintiffs should agree that any fees or costs associated with ADR, and any preliminary discovery associated with it, are not recoverable.
- **By Defendant LCSWMA**:  At the appropriate juncture, Defendant LCSWMA proposes mediation through the Court's mediation program.

**8.3.   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**  N/A

**9.0.   Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**  All parties do not agree to have a magistrate judge preside over this case.

**If all parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:**  N/A.

**10.0.  Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute:** None.

**11.0. Identification of Counsel**

**Identify by name, address, and telephone number of lead counsel for each party.  Also please indicate ECF User status below:**

<u>**For Plaintiffs:**</u>

Matthew K. Handley (ECF User)
HANDLEY FARAH & ANDERSON PLLC
1201 Connecticut Avenue, NW
Suite 200K
Washington, DC 20036
Phone: (202) 559-2411
mhandley@hfajustice.com

Juno Turner (ECF User)
Towards Justice
1410 High Street, Suite 300
Denver, CO 80219
Phone: (720) 239-2060
juno@towardsjustice.org

<u>**For Defendants:**</u>

**For Defendant LRCI:**

Christopher R. Nestor
Pa. Id. No. 82400
Overstreet & Nestor, LLC
1425 Crooked Hill Road #62066
Harrisburg, PA 17106-2066
(717) 350-5939
christopher.nestor@palawgroup.com

David R. Overstreet
Pa. Id. No. 68950
Overstreet & Nestor, LLC
461 Cochran Road

Box 237
Pittsburgh, PA 15228
(717) 645-1861
david.overstreet@palawgroup.com

Jeffrey Belardi
Pa. Id. No. 71826
Belardi Law Offices
TekRidge Center
50 Alberigi Drive, Suite 114
Jessup, PA 18434
(570) 342-4555
jeff@belardilegal.com

**For Defendant LCSWMA:**

Sarah R. Lloyd, Esquire
Sal Cognetti, Jr., Esquire
COGNETTI & CIMINI
Scranton Life Building, Suite 800
538 Biden Street
Scranton, PA 18503
(570) 346-0745
sarahrlloyd@cognetticimini.com
salcognettijr@cognetticimini.com

**For Defendant Lackawanna County:**

For Defendant: Lackawanna County
DAVID E. HEISLER, ESQUIRE
CIPRIANI & WERNER, P.C.
415 WYOMING AVENUE | SCRANTON, PA 18503
570-347-0600 (MAIN) | 570-347-4018 (FAX)
David Heisler <DHeisler@c-wlaw.com>

PHILIP A. DAVOLOS, III, ESQUIRE
CIPRIANI & WERNER, P.C.
415 WYOMING AVENUE | SCRANTON, PA 18503
570-347-0600 (MAIN) | 570-347-4018 (FAX) |
Philip Davolos <PDavolos@c-wlaw.com>

Date: April 14, 2023

**FOR PLAINTIFFS:**

  /s/  Matthew K. Handley
Matthew K. Handley (admitted *pro hac vice*)
Rachel E. Nadas (admitted *pro hac vice*)
HANDLEY FARAH & ANDERSON PLLC
1201 Connecticut Avenue, NW
Suite 200K
Washington, DC 20036
Phone: (202) 559-2411
mhandley@hfajustice.com
rnadas@hfajustice.com

William A. Anderson (admitted *pro hac vice*)
HANDLEY FARAH & ANDERSON PLLC
5353 Manhattan Circle
Suite 204
Boulder, CO 80303
Phone: (202) 559-2433
wanderson@hfajustice.com

Juno Turner (admitted *pro hac vice*)
David Seligman (admitted *pro hac vice*)
Brianne Power (admitted *pro hac vice*)
Towards Justice
1410 High Street, Suite 300
Denver, CO 80219
Phone: (720) 239-2060
juno@towardsjustice.org
david@towardsjustice.org
brianne@towardsjustice.org

Marielle Macher
Peter Zurflieh
Community Justice Project
118 Locust Street
Harrisburg, PA 17101
(717) 236-9486 ext. 214
mmacher@cjplaw.org
pzurflieh@cjplaw.org

15

**FOR DEFENDANTS:**

**For Defendant LRCI:**

Christopher R. Nestor
Pa. Id. No. 82400
Overstreet & Nestor, LLC
1425 Crooked Hill Road #62066
Harrisburg, PA 17106-2066
(717) 350-5939
christopher.nestor@palawgroup.com

David R. Overstreet
Pa. Id. No. 68950
Overstreet & Nestor, LLC
461 Cochran Road
Box 237
Pittsburgh, PA 15228
(717) 645-1861
david.overstreet@palawgroup.com

Jeffrey Belardi
Pa. Id. No. 71826
Belardi Law Offices
TekRidge Center
50 Alberigi Drive, Suite 114
Jessup, PA 18434
(570) 342-4555
jeff@belardilegal.com

**For Defendant LCSWMA:**

Sarah R. Lloyd, Esquire
Sal Cognetti, Jr., Esquire
COGNETTI & CIMINI
Scranton Life Building, Suite 800
538 Biden Street
Scranton, PA 18503
(570) 346-0745
sarahrlloyd@cognetticimini.com

salcognettijr@cognetticimini.com

**For Defendant Lackawanna County:**
DAVID E. HEISLER, ESQUIRE
CIPRIANI & WERNER, P.C.
415 WYOMING AVENUE | SCRANTON, PA 18503
570-347-0600 (MAIN) | 570-347-4018 (FAX)
David Heisler <DHeisler@c-wlaw.com>

PHILIP A. DAVOLOS, III, ESQUIRE
CIPRIANI & WERNER, P.C.
415 WYOMING AVENUE | SCRANTON, PA 18503
570-347-0600 (MAIN) | 570-347-4018 (FAX) |
Philip Davolos <PDavolos@c-wlaw.com>

## **CERTIFICATE OF SERVICE**

    I hereby certify that I filed the foregoing document with the Court's CM/ECF system which will serve it on all counsel of record in this matter.

Dated:  April 14, 2023                                  /s/ Matthew Handley_____
                                                                                 Matthew Handley