THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BURRELL, JR., JOSHUA HUZZARD, and DAMPSEY STUCKEY, individually and as representatives of the classes, | :<br>:<br>: CIVIL ACTION NO. 3:14-CV-1891<br>: (JUDGE MARIANI) |
| Plaintiffs, | : |
| v. | : |
| LACKAWANNA RECYCLING CENTER, INC., LACKAWANNA COUNTY, and LACKAWANNA COUNTY SOLID WASTE MANAGEMENT AUTHORITY, | :<br>:<br>:<br>: |
| Defendants. | : |

## MEMORANDUM OPINION

The Motion of Defendant, Lackawanna County, for Reconsideration and/or Modification of the Court's Order of November 18, 2024, (Doc. 220) is pending before the Court. With the Motion, Defendant County ("Defendant" herein) asserts that it should not be "financially responsible for paying for a vendor of Plaintiff's [sic] choice that will be used to make a list that Plaintiff otherwise would have to make themselves based on documents provided by Defendant." (*Id.* ¶ 10.) Defendant contends that it "has been diligent and continues to be diligent in its attempts" to provide the Class List to Plaintiffs. (*Id.* ¶ 11.) Plaintiffs respond that Defendant has not worked diligently to produce the Class List. (Doc. 225 at 10.) For the reasons that follow, Defendant's Motion will be denied.

1

## I. Background

The Court limits the extensive background of the above-caption matter to information most relevant to the pending Motion. On May 6, 2024, the Court granted Plaintiffs' Motion for Conditional Certification of a Collective Action, Identification of Potential Collective Action Members, and Approval of Notice to Potential Collective Action Members (Doc. 159) as modified. (Doc. 182 ¶ 1.) The Court certified a collective action "consisting of all civilly detained child-support debtors who worked in the Recycling Center after entry of the May 3, 2006, Operating Agreement between the Lackawanna Recycling Center, Inc., and the Lackawanna County Solid Waste Management Authority. (*Id.* ¶ 2.) The Court allowed sixty days for production of the list of those described in paragraph 2 of the Order:

> To the extent available, **within sixty (60) days of the date of this Order**, Defendants shall provide Plaintiffs with the full names, last known addresses, cell phone and other telephone numbers, email addresses, and dates of work of any individuals described in the collective action conditional certification identified in the previous paragraph, in a reasonably usable electronic format if it is reasonably practicable to do so.

(*Id.* ¶ 3.)

In correspondence filed on July 3, 2024, Defendant requested a telephone conference to address unspecified issues anticipated relative to the production of "contact information for prospective class members." (Doc. 188 at 1.) Acknowledging the July 5, 2024, deadline for production of the contact information, Defendant stated that "Plaintiffs' counsel has suggested a manner in which the project can be completed. That is presently under study, but some issues are still anticipated." (*Id.*) At the July 10, 2024, telephone

conference, the parties devised a method for proceeding with discovery and were directed to file a status report within two weeks.

In the required Status Report filed on July 24, 2024, Defendant stated that it had located the paper records of Thomas Staff, the former County employee who ran the program at issue (which was shut down in 2020 because of the COVID pandemic) for the years 2005, 2006, 2012, 2013, 2014, and 2015 and the records were made available to Plaintiffs for inspection. (Doc. 194 at 1-2.) Defendant also reported that relevant records on Staff's office computer were not available and the whereabouts of Staff's computer was unknown, records maintained on the County's old OMS system were "currently not accessible" and the records "cannot be accessed," Plaintiffs had recently provided a new set of search terms to be run by the County IT Department, and the provided terms had been forwarded to the IT Department. (*Id.*)

In their July 24, 2024, Status Report, Plaintiffs pointed to inconsistencies in Defendant's recitation and asked the Court to enter an order directing the following:

> (1) The County to run a search of electronically stored information using the search parameters described in Plaintiffs' July 19, 2024 email and provide Plaintiffs with a report of hits for each search term such that the parties can appropriately narrow the list of terms if necessary;
>
> (2) That the County sit for a Rule 30(b)(6) deposition regarding its electronic and hard copy documents within 14 days, in advance of its deposition regarding the merits and facts of the case; and
>
> (3) That the parties provide an update to the Court regarding the outstanding document discovery within 30 days.

(Doc. 195 at 4.)

> On July 31, 2024, the Court Ordered the parties to proceed as follows:
>
> 1. Lackawanna County shall, at its own expense, use its inmate payroll documents, such as the documents identified by Plaintiffs' counsel within Lackawanna County's production, along with information to be obtained from its electronic Offender Management System, to compile the full names, last known addresses, cell phone and other telephone numbers, email addresses, and dates of work of any and all civilly detained child-support debtors who worked in the Recycling Center after entry of the May 3, 2006, Operating Agreement between LRCI and the Authority, in accordance with paragraph 3 of the Court's May 6, 2024 Order (Doc. 182) **and produce such list to Plaintiffs within thirty (30) days of this Order.**
>
> 2. To the extent Lackawanna County has not retained payroll documents for periods since May 3, 2006, it shall compile the list ordered in the previous paragraph by reviewing the daily logs of Community Service Program participants that have been produced in hard copy to Plaintiffs. Lackawanna County shall bear the cost of such review.
>
> 3. In accordance with the agreed to Discovery Protocol for Electronically Stored Information adopted and ordered in this case on May 22, 2023, Lackawanna County shall run a search of electronically stored information using the search parameters described by Plaintiffs' counsel in a July 19, 2024 email to Lackawanna County's Counsel and provide Plaintiffs with the number of responsive documents captured by the search (a "hit list") within fourteen (14) days of this Order. The Parties shall thereafter promptly meet and confer regarding a narrowing of the list of search terms, if necessary. Once an agreement has been reached as to the scope of responsive documents to be produced, Lackawanna County shall promptly make such production to Plaintiffs.
>
> 4. A designee of Lackawanna County shall sit for a deposition under Rule 30(b)(6) regarding its retention of and search for electronic and hard copy documents within fourteen (14) days of this Order. This deposition shall be in advance of and separate from any Rule 30(b)(6) deposition of Lackawanna County regarding the merits and facts of the case.

> 5. Each party shall provide the Court a status report regarding outstanding discovery within thirty (30) days of this Order.

(Doc. 198 (emphasis added).)

In its August 30, 2024, Status Report, Plaintiffs stated that, through information they had learned in depositions of designated Lackawanna County personnel, they provided Defendant additional information regarding the production of a Class List with contact information which Defendant was directed to produce in the Court's May 6, 2024, Order (Doc. 182.) (Doc. 203 at 2.) In addition to the OMS database as a source of information, Plaintiffs identified the Pennsylvania Child Support Enforcement System ("PACSES") as an additional source of relevant information and noted that Staff's spreadsheets also contained information but those spreadsheets had not been produced to Plaintiffs' counsel. (*Id.* at 2 & n.1.)

Reportedly due to a clerical error, Defendant filed a late status report on September 6, 2024. (Doc. 204 at 1.) Defendant stated that Plaintiffs' Status Report was accurate and further explained that

> [t]he County has been investigating ways to access the old OMSe database which has been decommissioned. The County has been able to locate the old virtual server and download it onto a storage drive. The County needs third-party assistance to access the database on that storage drive. The County has reached out to GTL/Viapath and spoke with a representative of that vendor. GTL was to get back to the County with instructions as to how to proceed to get that database accessed by them. To date, GTL has been unresponsive. The County has redoubled its efforts to get a response from that vendor. As of this filing, the County's IT Director is attempting to get through to GTL by repeatedly calling it. The County is continuing its efforts to get the necessary instructions for getting the storage drive to GTL for processing.

(Doc. 204 at 1-2.)

Defendant did not produce the Class List by August 30, 2024, as required in the Court's July 31, 2024, Order (*see* Doc. 198 ¶ 1), nor did Defendant seek an extension of the established deadline. Plaintiffs requested that the Court hold a status conference to address Defendant's failure. (Doc. 205 at 1; Doc. 207 at 1.) Based on the lack of discovery progress and the Court's agreement that Defendant's failure to comply with its discovery responsibilities was preventing the case from moving forward (Doc. 208 at 3), the Court scheduled an in-person status conference for October 30, 2024, directing that "all parties shall attend the Status Conference in person," and "Lackawanna County Solicitor Donald Frederickson, former LCSWMA Solicitor Thomas Cummings, and a client representative or representatives from the County familiar with the discovery matters at issue shall also attend the Status Conference in person." (Doc. 208 ¶¶ 1-3.) At Defendant's request to continue the Status Conference (Doc. 209), the Court rescheduled it for November 8, 2024. (Doc. 210.)

Except for Attorney Frederickson, all those required to attend the hearing did so. Mike Brown, Director of the County's IT Department, was Defendant's point person to explain the status of discovery. As to the old OMS system, Mr. Brown said he was not sure if any viable data would be found but he was confident that the third-party working to retrieve data would be able to get the required information and he anticipated that they would be able to get it done in a week. He further explained that his department was not

6

allowed to access or examine data found so someone else would have to go through the data found to extract what was needed.

Plaintiffs' counsel suggested that the Court allow twenty-one days for the production required. The undersigned expressed concurrence with Plaintiffs' counsel to allow Defendant twenty-one days and, if any obstacle occurred in the production, a third-party identified by Plaintiffs, MK Analytics, would be appointed by the Court if Defendant had not been able to collect the necessary information in that time unless Plaintiffs agreed to an extension of time requested by Defendant. The Court directed Plaintiffs to submit a proposed order setting out the procedural approach agreed upon at the hearing.

Plaintiffs submitted their proposed Order on November 15, 2024. (Doc. 217.) The Court's November 18, 2024, Order (Doc. 218) includes the following provisions:

> 1. Lackawanna County (the "County") shall, at its own expense, use its inmate payroll documents, such as the documents identified by Plaintiffs' counsel within Lackawanna County's production, along with information to be obtained from its electronic Offender Management System, to compile the full names, last known addresses, cell phone and other telephone numbers, email addresses, and dates of work of any and all civilly detained child-support debtors who worked in the Recycling Center after entry of the May 3, 2006, Operating Agreement between LRCI and the Authority, in accordance with paragraph 3 of the Court's May 6, 2024 Order (Doc. 182). The County shall produce such information in a computerized spreadsheet or other electronic, sortable list (the "Class List"), and shall produce such list to Plaintiffs by **December 2, 2024**.
>
> 2. If the County does not provide Plaintiffs the complete Class List as described in Paragraph 1 by December 2, 2024, the County must, at its own expense, hire MK Analytics, Inc. ("MK Analytics") to create the Class List, and must provide MK Analytics access to all necessary documents and databases to create such a list. In addition to providing MK Analytics full and complete

7

      access to all potential locations where Class List information may be stored, such retention of MK Analytics shall-to the extent Lackawanna County has not retained access to electronic documents and databases sufficient to create the Class List for periods since May 3, 2006-include review of the daily logs of Community Service Program participants that have been produced in hard copy to Plaintiffs.

(Doc. 218 ¶ 2.)

Defendant filed the Motion under consideration here and the Motion of Defendant, Lackawanna County, to Extend Discovery Deadline Set Forth in the Court's November 18, 2024, Order (Doc. 219) on November 29, 2024. Though a brief in support of a motion for reconsideration must **accompany** the motion pursuant to Local Rule 7.10, Defendant did not file its supporting brief (Doc. 222) until December 3, 2024. Because Plaintiffs filed an opposition brief (Doc. 225), the Court will consider the merits of Defendant's Motion.

## II. ANALYSIS

As noted above, Defendant asserts its diligence in attempting to compile the discovery required and the difficulty experienced by the third party working to retrieve the information. *See supra* p. 1. The scant facts proffered in support of Defendant's general assertions do not show an entitlement to the relief requested.

Notably, Mr. Brown's testimony did not provide a basis for his belief that the information from third-party vendor who was working on data retrieval, now identified as ViaPath Technologies (Doc. 222 at 3), would be forthcoming by November 15, 2024. Nor did he state when the matter had been referred to ViaPath or otherwise indicate how long the third-party had been working on the assignment. Mr. Brown stated that compiling the

Class List was in the hands of ViaPath. However, Carol File of ViaPath stated in her December 2, 2024, email that ViaPath was not looking for specific data and it would be up to the Lackawanna County Prison staff to search through the data to produce what is required (Doc. 222-2 at 1). This indication that data retrieved by ViaPath would need to be reviewed by Lackawanna County Prison staff added a layer to the production of a Class List not formerly disclosed.

    The weakness of Defendant's claims of diligence is evident in the series of emails attached to Defendant's supporting brief. (Doc. 222-2 at 1-7.) The email thread began on November 25, 2024, at 11:44 a.m. with an email from Defendant's counsel, Carley Scopelliti, to Mike Brown and Tim Baker of ViaPath asking "Can I get a status update here? The Class List is due in a week (12/2) and I will have to give the court a status report on 12/3." (*Id.* at 6-7.) At 2:51 p.m. on November 25th, Kim Kelly, Deputy Director of the IT Department, responded on behalf of Mike Brown, asking Defendant's counsel, "Did you send Tim the search criteria as we do not have any of this information nor was copied in on any of the email correspondences? Please advise." (*Id.* at 6.) Ms. Kelly copied Mike Brown and Tim Baker on the email. (*Id.*) At 2:54 p.m. on November 25th, Ms. Scopelliti sent an email to Ms. Kelly, Mr. Brown, and Mr. Baker stating, "I sent Tim the judge's order, which sets out exactly what we have to produce." (*Id.* at 5.) The email was copied to Sherry Lewis at "c-wlaw.com." (*Id.*) At 4:36 p.m. on November 25th, Ms. Kelly sent an email to Ms. Scopelliti, Mr. Brown, and Mr. Baker, copied to Carol File of ViaPath, Colleen Orzel, Deputy

9

Warden of the Lackawanna County Prison,[1] Mr. Friedickson, and two others with Lackawanna County email addresses, Brian Jeffers and Timothy Betti. (*Id.*at 4.) The subject of the email is "Burrell Discovery – OMS Data Follow Up," and the email is designated to be of "High" importance. (*Id.*) It reads as follows:

> Hi Carley,
>
> Yes, we see the judge's order and thank you.
>
> Here is the latest from all parties. After speaking with Tim Baker, his team is going to work to get the old OMS application fully functional and provide Deputy Warden Orzel with sign-on credentials. As per information by Tim Baker's manager, Carole File, since Deputy Warden Orzel made the request, she is responsible for logging in to the application to get the information as noted in the judge's order.
>
> And lastly, Tim Baker and his team will follow up with us tomorrow to provide everyone with updates of the restore of the application so that we are all aware of our next steps.
>
> Thank you again!
>
> Kim

(Doc. 222-2 at 4-5.)

On November 27, 2024, at 2:31 p.m., Ms. Scopelliti emailed and copied those included in Ms. Kelly's November 25th email asking "What is the update here from Tim?" (*Id.* at 4.) At 2:36 p.m., Ms. Kelly responded, "Mike informed me that he feels at this point

---

[1] Plaintiffs' counsel noted at the November 8, 2024, Status Conference that Ms. Orzel described the OMS system at her deposition.

that we should ask for an extension. The vendor is having issues with the last part of the data." (*Id.*)

As noted above, on November 29th Defendant filed the Motion of Defendant, Lackawanna County, to Extend Discovery Deadline Set Forth in the Court's November 18, 2024, Order (Doc. 219) as well as the motion for reconsideration (Doc. 220) addressed in this Memorandum Opinion.

In response to Ms. Kelly's November 27th email, on December 2nd at 8:57 a.m., Ms. Scopelliti asked Ms. Kelly if she could provide an update on the OMS data "[j]ust so I know what to put in my status report due tomorrow." (Doc. 222-2 at 3.) At 10:55 a.m., Ms. Kelly responded, "Let me defer this status update to Viapath. Tim Baker / Carol – could you please advise?" (*Id.* at 2.) Including all recipients on the previous emails, Tim Baker responded to Ms. Kelly at 11:00 a.m.: "Good morning, I have looked at the new drive data that was provided and I have a database backup from 9/9/16 that I can attempt to restore and then attach the old application to." (*Id.*) At 12:01 p.m., Carol File sent the following:

> Kim/Carly and all,
>
> I feel compelled to clarify some of the information provided in the emails just so all parties are on the same page about this request.
>
> The JMS vendor (ViaPath) is not looking at/for any data, nor will they personally be looking for any data. They are assisting Lackawanna/IT with restoring the previously retired and archived OMS PowerBuilder database to an accessible state, so that the County may mine its own data in an attempt to comply with the request. This is a completely different software application than what they currently use, and was retired in December of 2020, when the new OMS Evolution application and database was installed.

11

> At this time, ViaPath cannot guarantee that they can restore access. They are hopeful that they can, but there is a small possibility that they will not be able to do so. Additionally, if system access is restored, it will be up to the County's staff to search through the data to produce what is required. It is not ViaPath-owned data, and therefore they cannot certify it (that would be up to the County, as these are County/prison-owned servers and it is Lackawanna data, so Lackawanna must produce the records.

(*Id.* at 1.)

This email thread clearly demonstrates a lack of communication among those with responsibility for complying with the Court's Orders and that efforts to comply with Court Orders have not been as robust as suggested by Defendant. Further, because ViaPath was not the entity responsible for compiling the data required to comply with the Court-ordered discovery, indications by those speaking on behalf of Defendant at the November 8, 2024, Status Conference that the Class List could be compiled within the proposed timeframe appear to be disingenuous at best.

Moreover, Defendant's dilatory approach to discovery production and document preservation support the propriety of assigning financial responsibility for the services of an independent vendor.[2] Defendant did not seek reconsideration of the Court's May 6, 2024, Order charging defendant with providing Plaintiffs, to the extent available, "with the full names, last known addresses, cell phone and other telephone numbers, email addresses,

---

[2] Defendant does not dispute that it did not comply with Local Rule 26.1 of the Rules of Court of the Middle District of Pennsylvania which states, "counsel shall inform their clients of the duty to preserve electronically stored information" prior to the conference of attorneys required by Local Rule 16.3. (*See, e.g.,* Doc. 225 at 9.)

and dates of work of any individuals described in the collective action conditional certification identified in the previous paragraph, in a reasonably usable electronic format if it is reasonably practicable to do so." (Doc. 182 ¶ 3.) Defendant did not seek reconsideration of the Court's July 31, 2024, Order reiterating the responsibility for providing the Class List identified in the May 6, 2024, Order and allowing for alternative methods of producing the list. (*See* Doc. 198 ¶¶ 1, 2.) Defendant has not addressed its failure to produce the required list using alternate methods suggested by Plaintiffs. (*See, e.g.*, Doc. 225 at 5, 10.) Importantly, after hearing from Mr. Brown at the November 8, 2024, Status Conference, the Court expressed approval of Plaintiffs' proposal for the Court to appoint a third-party vendor, to be paid for by Defendant, that specializes in aggregating data from databases like those at issue here to compile the Class List, if Defendant did not produce the Class List within three weeks. Neither Defendant's counsel nor anyone else attending on behalf of the County expressed disagreement with the Court's approach to the potential hiring of a third-party vendor.

In denying Defendant's request for reconsideration, the Court finds it very significant that one day after Defendant filed its supporting brief on December 3, 2024, Defendant's counsel, Carley Scopelliti, emailed Plaintiffs' counsel, Matthew Handley, updating him on the OMS system:

> Yesterday, ViaPath was able to restore the old database from a 2016 backup, which is now accessible by Lackawanna. The 2016 .dmp file was the latest in the files provided from the old server. The rights to the old OMS server were granted to Deputy Warden Orzel. If MK Analytics is brought in, they will have

13

> access to this server/database, the Tom Staff discovery provided, and the hit list emails that are forthcoming. This is all the County has. As per the Order, at that point, it will be on MK to produce the Class List.

(Doc. 225-10 at 2.) This December 4, 2024, email shows that progress has been made but much is to be done to compile the required Class List and there is no suggestion that County personnel can expeditiously integrate the data to satisfy Defendant's obligation. As explained by Lacey Keller, the co-owner of MK Analytics, Inc.:

> Restoring the data in the OMS is just the first step in compiling the data that might be relevant to the Class List; restoration merely confirms that the data exists in that one system. That system then needs to be queried for the information, which requires understanding the architecture of the database and establishing a connection to it, then navigating any authentication issues that might arise. Only then can the database can be queried to obtain the required information from the relevant table or tables that house that data. As a final step, the queried data must be exported from the system in a standardized format, such as a CSV. This multi-step process provides only one source of data to the Plaintiffs. Once that process is complete, the County still would need to compile this information with other data to which it has access to create a complete Class List. I anticipate that, as with the OMS system, once we are provided appropriate access, MKA can work with County employees, vendors, and other stakeholders to extract and combine all relevant data in a timely and efficient manner.

(Doc. 225-9 at 2-3.)

Considering Defendant's lack of diligence in preserving data and producing the required Class List, the apparent lack of preparedness on the part of the County to synthesize data in a timely manner, Defendant's counsel's December 4th email to Plaintiffs' counsel regarding the current status of the case, and Lacey Keller's Declaration setting out the task ahead, the Court agrees with Plaintiffs that MK Analytics' expertise in "integrating

14

disparate data to provide actionable analysis" (Doc. 225 at 12) is appropriate and necessary to advance this litigation and that Defendant has presented no basis to alter the determination that, having failed to produce the Class List to Plaintiffs by December 2, 2024, the County is obligated to hire, at its expense, MK Analytics, Inc., as set forth in the Court's November 18, 2024, Order (Doc. 218 ¶¶ 1, 2).

### III. CONCLUSION

Fort the foregoing reasons, the Court will deny the Motion of Defendant, Lackawanna County, for Reconsideration and/or Modification of the Court's Order of November 18, 2024, (Doc. 220.) A separate Order will enter.

_____
Robert D. Mariani
United States District Judge