THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BURRELL, JR., et al., | : |
| Plaintiffs, | : CIVIL ACTION NO. 3:14-CV-1891 |
| | : (JUDGE MARIANI) |
| v. | : |
| LACKAWANNA RECYCLING CENTER, INC., et al., | : |
| Defendants. | : |

## MEMORNANDUM OPINION

### I. INTRODUCTION

The Motion for Leave to Withdraw Appearance (Doc. 173) filed by counsel for the Lackawanna County Solid Waste Management Authority ("LCSWMA" "Authority") on December 15, 2023, is pending before the Court. At the time the Motion was filed, Attorneys Sal Cognetti, Jr., and Sarah Lloyd had entered appearances on behalf of Defendant Authority. Ms. Lloyd withdrew her appearance on March 1, 2024. (Doc. 178.) Therefore, the Motion now applies only to Mr. Cognetti.

Mr. Cognetti seeks to withdraw based on the inability to establish contact with the Authority, the Authority's material breach of its agreement for representation, and lack of guidance from the Lackawanna County Solicitor's Office. (Doc. 178 ¶¶ 4-6.) The Motion indicates that the Authority notified counsel in May of 2023 that "it was winding up its affairs but that it was effectively defunct and no longer in operation." (*Id.* ¶ 3.) Named Defendants

concur in the Motion. (*See* Doc. 173-2.) However, Plaintiffs oppose the Motion on several grounds, including lack of information about how the Authority had become "effectively defunct," and the prejudice to Plaintiffs if Authority counsel were permitted to withdraw without alternative counsel appearing for the Authority. (Doc. 174 at 5-8.) For the reasons that follow, the Court will grant the Motion for Leave to Withdraw Appearance (Doc. 173).

## II. BACKGROUND

In the February 7, 2025, Order requiring Defendant County to address the issue of the representation of Defendant Authority, the Court set out the following background information:

> On March 21, 2024, the Court held a Telephone Conference to discuss the Motion for Leave to Withdraw Appearance and the status of the Authority. (*See* Doc. 185 at 1-2.) It was agreed that the Court would address the Motion after Plaintiffs' counsel had an opportunity to depose the Authority's counsel, Thomas Cummings. (*Id.*)
>
> On May 29, 2024, upon consideration of the Motion for Leave to Withdraw Appearance (Doc. 173), the Court issued an Order requiring Mr. Cummings and Donald Frederickson, an individual identified to have knowledge about the operations of the Authority, to provide deposition testimony. (*Id.* ¶¶ 1, 2.) The Order also indicated that the Court would hold the pending Motion in abeyance until such discovery was completed or an appearance was entered by another attorney on behalf of the Authority. (*Id.* ¶ 3.) Plaintiffs were directed to notify the Court when the ordered discovery was completed, and the parties were to file joint status reports within sixty days. (*Id.* ¶ 5, 6.)
>
> Plaintiffs submitted a Status Report on July 29, 2024, indicating that Mr. Cummings had been deposed and Mr. Frederickson was scheduled for a deposition on July 31, 2024. (Doc. 196 at 1.) Plaintiffs further indicated that they intended to file an updated status report on or before August 8, 2024. (*Id.* at 2.)

2

In their August 8, 2024, Status Report, Plaintiffs stated that they had not completed the deposition of Mr. Frederickson, the Lackawanna County Solicitor, but would do so on August 15th. (Doc. 200 at 2.) Plaintiffs planned to file another status report no later than August 22, 2024. (*Id.*) On August 30th, Plaintiffs filed a Status Report indicating that they had deposed Mr. Frederickson and would file another status report after they had an opportunity to review the transcript of the deposition. (Doc. 203 at 3.)

Plaintiffs' September 13, 2024, Status Report provided the following information about the status of the Authority and their position on the pending Motion for Leave to Withdraw Appearance:

> [O]n July 31 and August 15, in accordance with the Court's May 29 Order regarding the status of the Lackawanna Solid Waste Management Authority (the "Authority") in this litigation, Plaintiffs' Counsel took the deposition of County Solicitor Donald Frederickson. This deposition made clear that the Authority has not been dissolved, and is still an active entity. Specifically, as County Solicitor testified:
>
> > Q. Is it your belief that the authority has been dissolved?
> >
> > A. No, it has not been dissolved. It can't be dissolved because there's upstanding business, mainly this litigation.
> >
> > Q. So is it your position that the authority is, in fact, a still active entity?
> >
> > A. Correct.
>
> Plaintiffs also deposed Thomas Cumming's, former Solicitor to the Authority, who also confirmed that the Authority has outstanding matters including this litigation and cannot be dissolved.
>
> Accordingly, although Plaintiffs do not oppose Cognetti & Cimini's motion to withdraw as counsel for the Authority, such motion should only be granted once replacement Counsel for the

> Authority has appeared, since the Authority is unable to represent itself pro se.
>
> (Doc. 205 at 6-7 (citing *Corner Pocket Inc. v Travelers Indem. Co.*, Civil Action No. 12-228, 2014 U.S. Dist. LEXIS 192855, at *10 (W.D. Pa. Mar. 1, 2014)[1] (explaining that "the general rule [is] that a law firm cannot withdraw from representing a corporation before the corporation retains new counsel.").)
>
> On October 23, 2024, the Court issued an Order granting Plaintiffs' Motion for Status Conference Concerning Discovery and Class Notice (Doc. 107). (Doc. 208.) The Order indicated that the Motion for Leave to Withdraw Appearance (Doc. 173) would be addressed at the Status Conference and both Mr. Cummings and Mr. Frederickson were required to attend the October 30, 2024, Status Conference in person. (Doc. 208 at 4, ¶ 3.) On motion by Lackawanna County to continue the Status Conference (Doc. 209), the Court rescheduled it for November 8, 2024 (Doc. 210).
>
> Mr. Cummings attended the November 8, 2024, Status Conference. (Doc. 216 at 1.) Mr. Frederickson did not attend and did not contact the Court regarding his attendance at the Status Conference. The Court's minutes of the Status Conference indicate that Mr. Cummings stated there were no members of the Lackawanna County Solid Waste Management Authority and the Authority was defunct. (Doc. 216 at 1.)

(Doc. 243 at 2-4.)

The transcript of the November 8, 2024, Status Conference ("11/8/24 Tr.") shows that Mr. Cummings stated that he is no longer the solicitor for the Authority and he had given the County a formal letter of resignation which had been accepted within six to eight months before the November 8, 2024, Status Conference. (11/8/24 Tr. 28:17-21, 29:16-18,

---

[1] Westlaw citation: *Corner Pocket, Inc. v. Travelers Indem. Co.*, Civ. A. No. 12-228, 2014 WL 12600508, at *4 (W.D. Pa. Mar. 1, 2014).

Doc. 246 at 28, 29.) When asked whether someone had replaced him, Mr. Cummings answered "No" and provided additional information:

> as it stands now to my knowledge, there are no members on the authority; and that was communicated to the County. All but one of the members gave a formal resignation which was delivered to the County.
>
> The authority, although still theoretically in existence, has no assets. And the only three things that remain are the amount owed to Attorney Cognetti's Law Firm which is large, my unpaid bill which in my role is large, and this litigation. And that's all that there is.
>
> So there is no fund to provide legal fees for replacement counsel. There is no fund to reimburse Mr. Cognetti somewhere north of 40-, 50,000. The Authority owes me around 39,000. I did not walk away. I was unpaid for three or four years, out of respect for the community.
>
> But finally, when everything wrapped up and all the authority members resigned, I gave the County a formal letter of resignation which they accepted. I can't tell you the exact date; but it was within the last six, eight months.

(11/8/24 Tr. 28:25-29:18.)

Based on this background, the Court concluded that

> because the Lackawanna County solicitor, Mr. Frederickson, has stated that the Authority is not defunct, and Defendant Lackawanna County is the municipality which organized the Authority and would approve the Authority's certificate requesting termination pursuant to Section 5619(c) of the Municipality Authorities Act, at this juncture it is appropriate for Defendant County, in conjunction with Mr. Frederickson or another Lackawanna County representative with knowledge and authority regarding the Authority's status and legal representation, to inform the Court whether the County is prepared to assume the defense of the Authority in this action and, if not, how the County will take the necessary steps to reconstitute the Authority so that the Authority Board can identify the Authority's counsel in this action.

(Doc. 243 at 5.)

5

On February 11, 2025, Defendant County filed the Memorandum by Defendant, Lackawanna County, Regarding Defense of Co-defendant, Lackawanna County Solid Waste Management Authority (Doc. 244). Defendant County asserts that the Authority is a separate legal entity which has "not completed its duties in winding up its affairs." (Doc. 244 at 3.) Defendant County further asserts that

> [d]ue to the fact that the Authority is not terminated, and there are further steps towards termination that involve actions of the Board members, it remains a separate and distinct legal entity responsible for "winding up" its own affairs and legal issues – namely, this case. Until it handles these outstanding "winding up" responsibilities, it remains its own existing legal entity. . . . [T]he Authority . . . still exists under statutory law as an independent agency. The fact that the Authority stated it is "effectively defunct and no longer in operation" does not mean that is legally sound or that it is released from its legal obligations and duties – it just means the Board and Authority have chosen to stop operations before handling all necessary duties. This certainly does not and cannot shift the Authority's duties and obligations to the County – which remains a wholly separate entity under the law.[2]

(*Id.* at 4-5.)

Plaintiffs filed Plaintiffs' Response to Lackawanna County's February 11, 2025 Memorandum (Doc. 247) on February 25, 2025. Plaintiffs assert "despite the County's

---

[2] Defendant County's Memorandum identifies the "currently listed" Authority Board Members to be Joyce Hatala, Nicholas Gavern, Manuel Griffin, Al Senofonte, Rich Miller, Al Lawrence, and Vince Amico, and the "currently listed" Solicitor to be Thomas Cummings. (Doc. 244 at 2-3 (citing "Exhibit A – List of Authority Board Members Provided by the Right to Know Officer of the Lackawanna County Commissioner's office").) The term of Board Member Griffin expired on December 31, 2021; the terms of Board Members Gavern, Senofonte, Miller, and Amico expired on December 31, 2022; the term of Board Member Lawrence expired on December 31, 2024; and the term of Board Member Joyce Hatala expires on December 31, 2025. (Ex. A, Doc. 244-1 at 2.) By this tally, only the term of Ms. Hatala has not expired. Defendant County cites 53 Pa. C.S. § 5601(d) for the proposition that "Members shall hold office until their successors have been appointed." (Doc. 244 at 3.) The cited provision reads in its entirety: "This chapter shall be known and may be cited as the Municipalities Authorities Act." 53 Pa. C.S. § 5601. Clearly, the provision does not support the proposition for which it is cited.

6

arguments to the contrary, it could settle the claims of the Authority or ensure the Authority obtains new counsel." (*Id.* at 7.) In support of this position, Plaintiffs point to the following: (1) "Mr. Cummings' deposition testimony makes clear that, in addition to being intricately involved in the Agreement at the center of this case, the County and the Authority, although purportedly separate, are inextricably linked" (*id.* at 4; *see id.* at 2-5 & nn.1, 2); (2) "the County never properly incorporated the Authority with the Commonwealth" (*id.* at 5); (3) in 2022, the County was party to the sale of the Authority's sole project, the Recycling Center (*id.* at 6-7 & n.4); and (4) "under the Municipal Authorities Act, the County may 'dissolve an authority and obtain and later transfer and/or convey the authority's assets as it deems fit, without any input on the part of the authority'" (*id.* at 7 (quoting *In re Chester Water Auth. Tr.*, 263 A.3d 689, 700 (Pa. Commw. Ct. 2021) (on appeal))).

### III. ANALYSIS

Clearly, Defendant County and Plaintiffs hold divergent positions on the issue of Defendant County's role in the representation of Defendant Authority going forward. However, for purposes of the resolution of the pending Motion for Leave to Withdraw Appearance (Doc. 173), the Court need not resolve the conflict between the positions expressed by County Defendant and Plaintiffs. The background set out above demonstrates that the unique circumstances of this case present an exception to the general rule that "a law firm cannot withdraw from representing a corporation before the corporation retains new counsel," *Corner Pocket,* 2014 WL 12600508, at *4.

In *LabMD v. Boback*, 47 F.4th 164 (3d Cir. 2022), the Third Circuit identified an exception to the general rule which allows withdrawal before new counsel is retained when the counsel wishing to withdraw adequately demonstrates that his appearance "serves no meaningful purpose." *Id.* at 190-91 (citing *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 680 (3d Cir. 1986) (per curiam); *Fid. Nat'l Title Ins. Co. of N.Y. v. Interlocutory Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) ("holding that counsel should have been permitted to withdraw, leaving a corporate client unrepresented, after considering the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and the prejudice to other parties," 47 F.4th at 191)).

First, considering the "burden imposed on the potentially withdrawing counsel if the status quo is maintained," 47 F.4th at 191, courts have found withdrawal prior to the appointment of new counsel appropriate when the defendant has stopped communicating with counsel. *See, e.g.*, *Pitt Electric, Inc. v. Pitt Electric, Inc. & Construction*, Civ. A. No. 2:22-804, 2023 WL 6303819, at *3 (W.D. Pa. May 2, 2023) (citing *Retail Distrib. West LLC v. Kimberly LED Lighting LLC*, Civ. A. No. 21-CV-1237, 2023 WL 2772511, at *3 (W.D. Pa. Feb. 27, 2023)). Here, Defendant Authority has stopped communicating with Mr. Cognetti and he has not been able to connect with anyone willing or able to facilitate his representation. *See supra*. The status of the Authority and the County's position regarding its relationship to the Authority leave Mr. Cognetti in a communication desert with no change in circumstances in the foreseeable future. Further, former Authority counsel Thomas

Cummings acknowledged the Authority's debt and the situation of payment of replacement counsel: "there is no fund to provide replacement counsel and there is no fund to reimburse Mr. Cognetti somewhere north of 40-, 50,000." (11/8/24 Conf. Tr. 29:10-12.) This testimony shows that Mr. Cognetti has provided legal services for which he has not been compensated with no fund to pay him for future services. Therefore, the first consideration weighs in favor of granting the pending motion.

Second, with respect to the stage of the proceedings of this protracted litigation, the case is in an intense discovery phase with class action filings anticipated in the near future. However, there are no current discovery issues specific to Defendant Authority. In their responsive filing, Plaintiffs report that "[d]uring his deposition Mr. Cummings stated that he delivered boxes of Authority documents to the Lackawanna County Office of Environmental Sustainability because 'as the Authority wound up its affairs, it was presumed on my part that they would be handling such matters for the county.'" (Doc. 247 at 5 n.2 (citing Ex. C, Cummings Tr. at 12:11-21).) With Authority documents in the custody of the County, it does not appear that Mr. Cognetti would be a conduit for resolving discovery issues that may arise as to Defendant County. Therefore, consideration of the stage of the proceedings does not weigh against Mr. Cognetti's withdrawal.

Third, regarding prejudice to other parties, *Retail Distribution* provides a useful assessment:

> While it may ultimately be more difficult for Plaintiff to obtain satisfaction of the settlement agreement if Defendant is not represented by counsel, . . . Plaintiff

9

still is able to have its rights adjudicated . . . including having default judgments/orders entered against Defendant if Defendant continues to choose not to be represented by counsel.

*Retail Distribution,* 2023 WL 2772511, at *4. While the situation here is more complicated, prejudice to Plaintiffs regarding the status of Defendant Authority's representation exists whether Attorney Cognetti is allowed to withdraw or his representation continues in its current status. The uncertain status of the Authority, lack of communication from the Authority, and the County's attempt to distance itself from the Authority[3] notwithstanding its potential obligation as the Authority's creator under the Municipal Authorities Act foreclose any meaningful and renewed representation. Therefore, consideration of prejudice to Plaintiffs does not weigh against withdrawal.

In sum, Mr. Cognetti's communication issues with the Authority and the County, the status of the Authority, the duration of these issues with no signs of imminent resolution, Mr. Cognetti's irrelevance to Plaintiffs' ability to access Authority documents, and the lack of prejudice associated with Mr. Cognetti's withdrawal indicate that his appearance serves no meaningful purpose. Therefore, the Motion for Leave to Withdraw Appearance (Doc. 173) is appropriately granted.

---

[3] In this regard, the Court notes the failure of the County Solicitor, Donald Frederickson, to comply with this Court's Order to attend the November 8, 2024, Status Conference in person. *See supra* p. 4. At the Status Conference, Attorneys David Heisler and Carley Scopelliti, counsel for Defendant County's insurer, were present.

### III. CONCLUSION

For the reasons discussed above, the Motion for Leave to Withdraw Appearance (Doc. 173) will be granted. A separate Order will enter.

_____
Robert D. Mariani
United States District Judge